Robert C. Moest, SBN 62166, counsel to
THE BROWN LAW FIRM, P.C.
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
310-915-6628
310-915-9897 (fax)
rmoest@gmail.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN STUART, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GINKGO BIOWORKS HOLDINGS, INC., etc., et al.,<br><br>Defendants. | Case No. 4:21-cv-08943-KAW<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE SHOULD BE RELATED; DECLARATION OF ROBERT C. MOEST<br><br>Judge: Kandis A. Westmore<br><br>Date Action Filed: November 18, 2021 |
| NARESH SURI, Derivatively on Behalf of GINKGO BIOWORKS HOLDINGS, INC. f/k/a SOARING EAGLE ACQUISITION CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>JASON KELLY, et al.,<br><br>Defendants. | Case No. 3:22-cv-02080-AGT<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE SHOULD BE RELATED; DECLARATION OF ROBERT C. MOEST<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Magistrate Judge Alex G. Tse.<br><br>Date Action Filed: April 1, 2022 |

Pursuant to Civ. Loc. R. 3-12, Naresh Suri, through and by the undersigned attorney, requests this Court deem this matter, *Suri v. Kelly*, No. 3:22-cv-0208-AGT, to be related to *Stuart v. Ginkgo Bioworks Holdings, Inc.*, 4:21-CV-08943-KAW. As discussed below, the criteria for relation are met here. These actions concern substantially the same parties, substantially identical facts and underlying agreements, and "it appears likely that there will be an unduly burdensome duplication of labor and expense" if these cases are tried separately. Therefore, relation is proper under Civ. Loc. R. 3-12.

The following actions were filed in the following order:

| **Case Name** | **Case Number** | **Date Filed** |
| --- | --- | --- |
| *Stuart v. Ginkgo Bioworks Holdings, Inc.* | 4:21-CV-08943-KAW | 11/18/2021 |
| *Suri v. Kelly*, | 3:22-cv-0208-AGT | 4/1/2022 |

Pursuant to Civ. Loc. R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. Loc. R. 3-12(a).

Both criteria are met here. The allegations at issue in *Stuart* concern substantially the same parties and events as at issue in *Suri*. *Stuart* is a securities class action alleging wrongdoing in connection with certain public statements issued from May 2021 to September 2021. *Suri* is a derivative action brought on behalf of nominal defendant Ginkgo Bioworks Holdings, Inc., involving substantially the same public statements, as well as the subject matter of those statements. The plaintiff in *Suri* bases their damages claims, in part, on alleged liability in *Stuart*. Furthermore, Harry E. Sloan, Jason Kelley and Mark Dmytruk are named as defendants in both *Stuart* and *Suri*. As a result of the foregoing, the two cases are necessarily related and will require coordination.

Given that *Stuart* and *Suri* involve substantially similar parties, statements, and events, there will be an unduly burdensome duplication of labor and expense, and potentially inconsistent results, if the cases were to be conducted before different judges. Accordingly, relating these actions will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a). For this reason, securities class actions and derivative suits arising from substantially the

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

Case Nos. 4:21-cv-08943-KAW
3:22-cv-02080-AGT

same events are routinely deemed related and assigned to a single judge.

A proposed order relating the Actions is filed herewith. For all the foregoing reasons, Plaintiff Suri respectfully requests that this Court enter an order relating *Robinson* to *Leventhal* and *Choi*.

Dated: April 15, 2022                                Respectfully submitted,

                                                            /s/Robert C. Moest               .
                                                    THE BROWN LAW FIRM, P.C.
                                                    Robert C. Moest, SBN 62166
                                                    2530 Wilshire Boulevard, Second Floor
                                                    Santa Monica, California 90403
                                                    310-915-6628
                                                    310-915-9897 (fax)
                                                    rmoest@gmail.com

                                                    *Counsel for Naresh Suri*

DECLARATION OF ROBERT C. MOEST

Robert C. Moest declares:

1.      I am counsel to the Brown Law Firm, P.C., attorneys for Naresh Suri.

2.      I have reviewed the complaints in both *Stuart v. Ginkgo Bioworks Holdings, Inc.*, and *Suri v. Kelly,* referenced above. The complaints demonstrate that the two matters "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See*, Civ. Loc. R. 3-12(a).

3.      The allegations at issue in *Stuart* concern substantially the same parties and events as at issue in *Suri*. *Stuart* is a securities class action alleging wrongdoing in connection with certain public statements issued from May 2021 to September 2021. *Suri* is a derivative action brought on behalf of nominal defendant Ginkgo Bioworks Holdings, Inc., involving substantially the same public statements, as well as the subject matter of those statements. The plaintiff in *Suri* bases their damages claims, in part, on alleged liability in *Stuart*. Furthermore, Harry E. Sloan, Jason Kelley and Mark Dmytruk are named as defendants in both *Stuart* and *Suri*. As a result of the foregoing, the two cases are necessarily

ADMINISTRATIVE MOTION TO CONSIDER                        Case Nos. 4:21-cv-08943-KAW
WHETHER CASES SHOULD BE RELATED                                      3:22-cv-02080-AGT

related and will require coordination.

4.    Given that Stuart and Suri involve substantially similar parties, statements, and events, there will be an unduly burdensome duplication of labor and expense, and potentially inconsistent results, if the cases were to be conducted before different judges. Accordingly, relating these actions will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a).

I declare under penalty of perjury that the foregoing is true and correct. Executed April 15, 2022, in Los Angeles, California.

/s/Robert C. Moest            .
Robert C. Moest