Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice* application forthcoming)
Anitha Reddy (*pro hac vice* application forthcoming)
Remy Grosbard (*pro hac vice* application forthcoming)
Akua F. Abu (*pro hac vice* application forthcoming)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GINKGO BIOWORKS HOLDINGS, INC. F/K/A SOARING EAGLE ACQUISITION CORP., HARRY E. SLOAN, ELI BAKER, SCOTT M. DELMAN, JOSHUA KAZAM, ISAAC LEE, TIMOTHY LEIWEKE, DENNIS A. MILLER, LAURENCE E. PAUL, JASON KELLY, RESHMA SHETTY, ARIE BELLDEGRUN, MARIJN DEKKERS, CHRISTIAN HENRY, RESHMA KEWALRAMANI, SHYAM SANKAR, and ANNA MARIE WAGNER,<br><br>Defendants. | Case No.: 4:21-cv-08943-KAW<br><br>**REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing:  November 17, 2022<br>Time:      1:30 p.m.<br>Court:     TBD<br>Judge:     Hon. Kandis A. Westmore |

Defendants Ginkgo Bioworks Holdings, Inc. f/k/a Soaring Eagle Acquisition Corp. ("Ginkgo"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner (collectively, "Defendants") have filed a motion to dismiss Plaintiffs' Second Amended Complaint (the "Complaint"). In support, Defendants request that this Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Anitha Reddy (the "Reddy Declaration").

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GmbH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd.* v. *Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch* v. *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

A court must also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**Exhibits 1 through 8** to the Reddy Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on Defendants' Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

## I.    THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT

The Court must consider documents incorporated by reference in the Complaint. *Tellabs*, 551 U.S. at 322.  A document is incorporated into a complaint if the document is referred to "extensively."  *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Separately, a document may be incorporated by reference into a complaint even "if the complaint does not mention the document at all."  *Id.*  Where a claim "necessarily depend[s]" on the contents of a document, that document is properly incorporated by reference into the complaint whether mentioned in the complaint or not.  *Id.*  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996).  Plaintiffs must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context,"—*i.e.*, "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry." *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).  For this additional reason, documents purported to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiff cites and refers to Exhibits 1, 2, 4, 5, 7, and 8 to support her Complaint's securities fraud allegations.

**Exhibit 1** is a true and correct copy of Ginkgo's combined Proxy Statement and Prospectus filed on SEC Form 424(b)(3), dated August 13, 2021.  The Complaint refers repeatedly to this document, including in paragraphs 1, 4, 5, 9-12, 19-33, 44, 47-52, 54-56, 58, 60, 61, 63-66, 70, 82, 84, 86, 90, 93, 95, 97, 113-116, 124-27, 132, 137-141.

**Exhibit 2** is a true and correct copy of Ginkgo's Current Report filed on SEC Form 8-K on September 14, 2021.  The Complaint refers to this document in paragraphs 82 and 113.

**Exhibit 4** is a true and correct copy of Scorpion Capital's report on Ginkgo, dated October 6, 2021.  The Complaint refers extensively to this document, including in paragraphs 87-103.

**Exhibit 5** is a true and correct copy of the complaint captioned *Impossible Foods Inc.* v. *Motif Foodworks, Inc.*, No. 1:22-cv-00311-CRC (D. Del. Mar. 9, 2022).   The Complaint expressly refers to this document in paragraph 105 and implicitly in paragraphs 63, 69, 73, and 75.

**Exhibit 7** is a true and correct copy of Cronos Group Inc.'s Quarterly Report filed on SEC Form 10-Q, dated February 18, 2022.  The Complaint refers to this document in paragraph 104 of the Complaint.

**Exhibit 8** is a true and correct copy of Ginkgo's Registration Statement filed on SEC Form S-1, dated December 23, 2020.  The Complaint refers to this document in paragraphs 36, 41, and 113.

Accordingly, the Court should consider the contents of the documents, all of which the Complaint incorporates by reference.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF SEC FILINGS.

The Court should also take judicial notice of the contents of SEC filings.  The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss.  *See Metzler*, 540 F.3d at 1064 & n.7 (holding it is proper to take judicial notice of SEC filings); *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same).  Because SEC filings are publicly available, the Court can take judicial notice that the information was disclosed to the market.  *Heliotrope Gen., Inc.* v. *Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010).

The Court should take judicial notice of **Exhibit 3**, which is a true and correct copy of Ginkgo's Current Report filed on SEC Form 8-K on September 20, 2021.  The Court should also

take judicial notice of Exhibits 1, 2, 7, and 8, which are SEC filings that are also incorporated by reference in the Complaint, as discussed above.

### III.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF STOCK PRICES.

This Court should take judicial notice of the document attached as **Exhibit 6** to the Reddy Declaration, a table listing the historical stock prices of Ginkgo from September 17, 2021 to November 1, 2021, as downloaded from Yahoo! Finance, which was obtained from the Yahoo! Finance website, http://finance.yahoo.com.

Stock prices "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publically traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."). Furthermore, the Yahoo! Finance website is a source whose accuracy cannot be reasonably questioned. *In re Peerless Sys. Corp. Sec. Litig.*, 182 F. Supp. 2d 982, 989 n.2 (S.D. Cal. 2002) (taking judicial notice of "Yahoo! Finance Historical Quotes Chart" when ruling on motion to dismiss).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take judicial notice of the contents of the documents attached as **Exhibits 1 through 8** to the Reddy Declaration.

Dated:   July 21, 2022

By:      */s/ Jordan Eth*
Jordan Eth (CA SBN 121617)
JEth@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
**MORRISON & FOERSTER**
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice* application forthcoming)
Anitha Reddy (*pro hac vice* application forthcoming)
Remy Grosbard (*pro hac vice* application forthcoming)
Akua F. Abu (*pro hac vice* application forthcoming)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for Defendants*