**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KEVIN STUART, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>GINKGO BIOWORKS HOLDINGS, INC. F/K/A SOARING EAGLE ACQUISITION CORP., HARRY E. SLOAN, JASON KELLY, and MARK DMYTRUK,<br><br>     Defendants. | Case No. 4:21-cv-08943-KAW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>HON. KANDIS A. WESTMORE |

Lead Plaintiff Sharon Bernstein ("Plaintiff") responds to Defendants' Request for Judicial Notice, ECF No. 62, as follows:

The Ninth Circuit has emphasized the limited use of judicial notice. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions to this general rule: (1) the judicial notice and (2) the incorporation by reference doctrines, the use of which the Ninth Circuit took time to "clarify when it is proper to take judicial notice of facts in documents, or to incorporate by reference documents into a complaint, and when it is not." *Id*. at 999. The message from *Khoja* was hardly subtle: the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998.

Similarly, the Ninth Circuit has emphasized that judicial notice may not "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. That warning is especially applicable in cases like this, where the Complaint disputes the accuracy and completeness of the very documents for which judicial notice is sought, such as Exhibit 1, a proxy/prospectus which constitutes the body of the Defective Proxy/Registration Statement. *See* ECF No. 61-2. Moreover, the "inferences a court may draw from an incorporated document should also be approached with caution." *Khoja*, 899 F.3d at 1003.

Judicial notice is not necessary to assess the instant motion. However, if the Court is inclined to consider the exhibits for which Defendants seek judicial notice, Plaintiff does not oppose that consideration so long as the Court does not assume the truth of statements contained in those exhibits. Plaintiff does note that the proxy/prospectus defendants have submitted is a subset of but does not constitute the full Defective Proxy/Registration Statement as defined in the Second Amended Complaint at ¶4. *See* ECF No. 58.

Dated: September 6, 2022

Respectfully submitted,

POMERANTZ LLP

By:    */s/ Joshua B. Silverman*
Joshua B. Silverman (*pro hac vice*)
Brian O'Connell (SBN 314318)
10 S. LaSalle St., Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
boconnell@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Proposed Classes*

**THE SCHALL LAW FIRM**
Brian Schall (SBN 290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff and the Proposed Classes*

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:21-cv-08943-KAW                2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

Dated: September 6, 2022

**POMERANTZ LLP**

By:    _/s/ Joshua. B. Silverman_
        Joshua B. Silverman
        *Lead Counsel*