**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff and the*
*Proposed Classes*

**MORRISON & FOERSTER**
Jordan Eth (CA SBN 121617)
David J. Wiener (SBN 291659)
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
JEth@mofo.com
DWiener@mofo.com

*Attorneys for Defendants*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>Defendants. | Case No.:  4:21-cv-08943-KAW<br><br>**JOINT DECLARATION OF THE PARTIES REGARDING PROPOSED CHANGES TO THE NORTHERN DISTRICT OF CALIFORNIA'S MODEL PROTECTIVE ORDER**<br><br>HON. KANDIS A. WESTMORE |

1.      Pursuant to the Judge Westmore's General Standing Order ¶12 (November 8, 2021), Lead Plaintiff Sharon Bernstein ("Plaintiff") and Defendants Ginkgo Bioworks Holdings, Inc. ("Ginkgo"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner (collectively, "Defendants", and together with Plaintiff, the "Parties"), jointly state that the Stipulated Protective Order filed on August 9, 2023 (the "Stipulated Protective Order") was based on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. https://cand.uscourts.gov/forms/model-protective-orders/ (the "Model Protective Order"). The Defendants requested that the Parties rely on this Model Order, rather than the Model Order for Standard Litigation. Plaintiff agrees at this present time to rely on the Order, subject to modifications that both Parties requested.

2.      Attached as Exhibit A is a redline showing all changes made by the Parties to the Model Protective Order.  An explanation of these changes is set forth below.

3.      Paragraph 7.2(b): The Parties agree that named Parties to the action shall be able to review information designated as "CONFIDENTIAL."

4.      Paragraph 7.2(e): The Parties agree that videographers and their staff, and mediators and their staff may review information designated as "CONFIDENTIAL."

5.      The Parties added Paragraph 7.2(f), which separately lists professional jury or trial consultants, and vendors, from the Court staff and mediators.

6.      Paragraph 7.3(b): The parties deleted part "(3)," because it references deleted Paragraph 7.4

7.      Paragraph 7.3(d): The Parties agree that videographers and their staff, and mediators and their staff may review information designated as "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

8.      The Parties added Paragraph 7.3(e), which separately lists professional jury or trial

JOINT DECLARATION OF THE PARTIES REGARDING PROPOSED CHANGES TO THE NORTHERN DISTRICT OF CALIFORNIA'S MODEL PROTECTIVE ORDER; CASE NO.:  4:21-cv-08943-KAW

2

consultants, and vendors, from the Court staff and mediators.

9.    The Parties added Paragraph 7.3(f), which provides that Highly Confidential information may be disclosed to witnesses during their depositions, "whom disclosure is reasonably necessary and who have signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order."

10.    Paragraph 7.4: The Parties agreed to delete this Paragraph.

11.    Paragraph 9.4: The Parties added this language, "For the avoidance of doubt, the provisions of this Section do not prevent a Receiving Party from promptly providing to all other Parties, in accordance with their obligations under the Federal Rules, documents produced in this action by any Non-Party to the Receiving Party pursuant to a subpoena duces tecum."

12.    Paragraph 11: The Parties deleted the following language: "Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court."

13.    Paragraph 12.4: The Parties added language to clarify that Parties may use their own documents in this litigation, "Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party. For the avoidance of doubt, if one Party uses its documents in this litigation, the opposing party shall be permitted to use those same documents as well subject to any applicable confidentiality designations."

14.    Throughout, the Parties capitalized certain defined terms, (*i.e.*, "Parties", and "Court"), added the Parties' names to the introductory section, and added the word "Stipulated" before the term "Protective Order."

JOINT DECLARATION OF THE PARTIES REGARDING PROPOSED CHANGES TO THE NORTHERN DISTRICT OF CALIFORNIA'S MODEL PROTECTIVE ORDER; CASE NO.:  4:21-cv-08943-KAW

3

15.    The Parties also did not adopt any of the "optional" material and deleted all footnotes.

The Parties declare under penalty perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated:   August 9, 2023

By:    */s/  Brian P. O'Connell*
Joshua B. Silverman (*pro hac vice*)
Brian O'Connell (SBN 314318)
**POMERANTZ LLP**
10 S. LaSalle St., Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
boconnell@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Proposed Classes*

**THE SCHALL LAW FIRM**
Brian Schall (SBN 290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff and the Proposed Classes*

By:    */s/  David J. Wiener*
Jordan Eth (CA SBN 121617)
JEth@mofo.com
David J. Wiener (CA SBN 291659)
DWiener@mofo.com
**MORRISON & FOERSTER**

425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

William Savitt (*pro hac vice forthcoming*)
Graham W. Meli (*pro hac vice*)
Anitha Reddy (*pro hac vice*)
Akua F. Abu (*pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for Defendants*

**<u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)</u>**

Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 9, 2023                          */s/ Brian P. O'Connell*
                                               Brian P. O'Connell