# Exhibit A

Plaintiff's First Set of Requests for the Production of Documents

Eight Pages: Caption Page, Pages 1-5, and Pages 8-9

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff and the
Proposed Classes*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>　　　　　Defendants. | Case No: 4:21-cv-08943-KAW<br><br>**LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO EACH DEFENDANT**<br><br>HON. KANDIS A. WESTMORE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Sharon Bernstein ("Plaintiff"), by and through her undersigned counsel, hereby requests that Defendants Ginkgo Bioworks Holdings, Inc., Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Resham Shetty, Arie Belldegrun, Marjin Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar and Anna Marie Wagner, each produce for inspection within 30 days of the date of this request at the offices of Pomerantz LLP, located at 10 South La Salle Street, Suite 3505 Chicago, Illinois 60603, all documents described below in accordance with the definitions and instructions that follow.

## DEFINITIONS

1.      "Action" refers to the above-captioned matter.

2.      "Allonnia" refers to Allonnia LLC, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

3.      "Business Combination" refers to the September 17, 2021 merger or "de SPAC" in which Ginkgo formally merged with the Soaring Eagle special purpose acquisition company ("SPAC") as described in the Complaint.  References to "Business Combination" refer to all conduct Concerning the Business Combination in the period beginning with the due diligence of the Business Combination until the closing of the Business Combination in September 2021.

4.      "Cascade" refers to Cascade Investment LLC, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

5.      "Communication" and "Communications" mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or the attempt to transmit information, whether written, oral, electronic, or by any other means.

6.      "Complaint" refers to the Third Amended Class Action Complaint in this Action.

7.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

8.    "Cronos" means Cronos Group, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

9.    "Customer" means an entity contracting or otherwise procuring Your Foundry Services.  This includes, but is not limited to, Kalo, Genomatica, Allonnia, Motif, Cronos, Allonnia, Synlogic, and Joyn Bio, as well as any other entity contracting or otherwise procuring Your services.

10.    "Defective Proxy/Registration Statement" means SRNG's final full amended signed Form S-4/A filed on August 4, 2021, the body of which was incorporated into the prospectus filed on Form 424(b)(3) on or about August 13, 2021, together with information filed under Form 425 as a supplement to that registration statement pursuant to Rule 425 promulgated under the Securities Act.

11.    "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

12.    "DOJ" means the United States Department of Justice.

13.    "DOJ Investigation" refers to the DOJ inquiry You disclosed on Ginkgo's November 15, 2021 Press Release announcing Third Quarter 2021 earnings results.

14.    "Downstream Value" refers to value sharing via customer equity, royalties, and or milestones on completed programs.

15.    "Equity Agreement" means any agreements, arrangements, contracts, or understandings Concerning ownership taken by You in Your Customer, or by Your Customer in You.

16.    "Foundry" refers to Ginkgo's platform for cell programming, *see* F-104 of the Defective Proxy/Registration Statement filed on August 4, 2021.

17.    "Foundry Revenue" refers Customer payments relating to Foundry Services.

18.    "Foundry Services" refers to research and development work provided on Ginkgo's

2

platform for cell programming.

19.    "General Atlantic" refers to General Atlantic Service Company, L.P., and/or General Atlantic (GK), L.P., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

20.    "Genomatica" means Genomatica, Inc., and any of its predecessors, successors, parents, subsidiaries, divisions, or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other Persons occupying similar positions or performing similar functions.

21.    "Ginkgo" or the "Company" means Ginkgo Bioworks Holdings, Inc., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

22.    "Individual Defendants" means, Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Resham Shetty, Arie Belldegrun, Marjin Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar and Anna Marie Wagner.

23.    "Investor Entity" means any entity Identified as a "5% Beneficial Owner of New Ginkgo" on pages 334-35 of the Defective Proxy/Registration Statement filed on August 4, 2021, without regard to the actual ownership interest disclosed.  This definition includes, but is not limited to, General Atlantic, Viking, and Cascade.

24.    "Identify" when referring to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. "Identify" when referring to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter;

(iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

25.    "Joyn Bio" refers to Joyn Bio LLC, and any of its predecessors, successors, parents, subsidiaries, divisions, or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other Persons occupying similar positions or performing similar functions.

26.    "Kalo" refers to Kalo Ingredients, LLC, n/k/a Arcaea, LLC, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

27.    "Motif" refers to Motif FoodWorks, Inc., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing

28.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

29.    "Plaintiff" refers to Lead Plaintiff Sharon Bernstein.

30.    "Soaring Eagle" or "SRNG" refers to Soaring Eagle Acquisition Corp, and its predecessors, successors, parents, subsidiaries, divisions, or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other Persons occupying similar positions or performing similar functions."

31.    "SRNG Board" refers to the Board of Directors of SRNG, and has the same meaning as used in SRNG's Form S-4/A filed on or about August 4, 2021.

32.    "Synlogic" refers to Synlogic, Inc., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act,

on behalf of any of the foregoing.

33.    "Viking" refers to Viking Global Investors LP, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

34.    "You" or "Your" means the party responding to this request.

35.    For the avoidance of doubt, all undefined terms herein shall have the same meaning as ascribed in the Complaint.

36.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

37.    The use of the singular form of any word includes the plural and vice versa, and the masculine, feminine or neuter form of any words includes Each of the other gender,

38.    The use of any tense of any verb shall also include within its meaning All other tenses of that verb.

## INSTRUCTIONS

1.    For any relevant timeframe pertaining to a specific Request, a Document should be considered to be within that relevant timeframe if it refers or relates to Communications, meetings, or other events or Documents that occurred or were created within that timeframe, regardless of the date of creation of the responsive Document. If information generated prior to or after the specified timeframe is necessary for a correct or complete understanding of these Document Requests, the Documents shall be disclosed.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be disclosed if otherwise responsive to these Document Requests.

2.    In responding to these Requests, You shall produce responsive Documents that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Your respective partners, directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.  A

**DOCUMENT REQUESTS**

1.      All Documents and Communications produced at any time, whether formally or informally, to the DOJ, in response to, in connection with, or related to the DOJ Investigation.

2.      All Documents and Communications from January 1, 2020 to May 26, 2022, Concerning SRNG Board of Directors' meetings or meetings of committees thereof, including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated Concerning such meetings.

3.      All Documents and Communications from January 1, 2020 to May 26, 2022, Concerning Ginkgo's Board of Directors' meetings or meetings of committees thereof, including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated Concerning such meetings.

4.      All Documents and Communications from January 1, 2020 to May 26, 2022, created for, Concerning, prepared, or considered as part of the SRNG Board of Directors' due diligence for the Business Combination.

5.      All Documents and Communications from January 1, 2020 to May 26, 2022, between and among the Individual Defendants Concerning the Business Combination.

6.      All Documents and Communications from January 1, 2018 to the present date, between You and any Ginkgo Customer Concerning Downstream Value payments to Ginkgo.

7.      All Documents and Communications from January 1, 2018 to the present date, between and among the Individual Defendants Concerning Foundry Revenue and/or Downstream Value from any Customer.

8.      All Documents and Communications from January 1, 2018 to the present date, Concerning Ginkgo's Foundry Revenue, including deferred revenue for Foundry Services, projected Foundry Revenue, and/or changes in projected or recognized Foundry Revenue.

9.      All Documents and Communications from January 1, 2018 to the present date, Concerning the approach, calculation, manner, matter, or method utilized by Ginkgo in recognizing Foundry Revenue.

10.    All Documents and Communications from January 1, 2018 to the present date, between You and the Investor Entities Concerning Foundry Revenue and/or Downstream Value from any Customer.

11.    All Documents Concerning any agreements, arrangements, contracts, or payment or understandings for Foundry Services, at any time, between You and any Customer.

12.    All Documents and Communications Concerning any Equity Agreements, at any time, between You and Your Customers.

Dated: May 11, 2023

By:    */s/ Brian P. O'Connell*
Joshua B. Silverman (*pro hac vice*)
Brian O'Connell (SBN 314318)
**POMERANTZ LLP**
10 S. LaSalle St., Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
boconnell@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Proposed Classes*

**THE SCHALL LAW FIRM**
Brian Schall (SBN 290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff and the Proposed Classes*

LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
CASE NO. 4-21-cv-08943-KAW