Exhibit I

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:21-cv-08943-KAW |
| ) ) | |
| GINKGO BIOWORKS HOLDINGS, INC., et al., ) ) | |
| Defendants. ) ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Stipulation"), dated as of April 4, 2024, which is entered into by and among Lead Plaintiff Sharon Bernstein ("Lead Plaintiff," and together with Class Members, "Plaintiffs"), on behalf of herself and the Class (as defined herein), and Defendants Ginkgo Bioworks Holdings, Inc. ("Ginkgo" or "the Company"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner ("Defendants," and together with Lead Plaintiff, the "Parties" and each a "Party"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties and is intended by the Parties to fully, finally, and forever release, resolve, remise, discharge, and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against Released Defendants' Parties and all Released Defendants' Claims as against Released Plaintiffs'

Parties (all as defined herein), subject to the approval of the United States District Court for the Northern District of California (the "Court") and the terms and conditions set forth in this Stipulation.

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on November 18, 2021 (ECF No. 1) by initial plaintiff Kevin Stuart against Ginkgo, Harry Sloan, Jason Kelly and Mark Dmytruk, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). On March 22, 2022, the Parties submitted a statement consenting to the referral of the Action to a magistrate judge for all purposes (ECF No. 30), and on March 25, 2022, the Action was referred to Magistrate Judge Kandis A. Westmore (ECF Nos. 32, 35). Also on March 25, 2022, an order was entered appointing Ms. Bernstein Lead Plaintiff (ECF No. 31);

WHEREAS, on May 26, 2022, Lead Plaintiff filed an Amended Complaint (ECF No. 45), which added claims under Section 14(a) of the Exchange Act and Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), added as Defendants Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner, and omitted as a Defendant Mark Dmytruk, whom Lead Plaintiff voluntarily dismissed from this Action the following day (ECF No. 46). By stipulation, a Second Amended Complaint was filed thereafter correcting minor errors in the Amended Complaint (ECF No. 58);

WHEREAS, all Defendants moved to dismiss the Second Amended Complaint on July 21, 2022 (ECF No. 61), which Lead Plaintiff opposed, and on March 10, 2023, the Court entered an Order (ECF No. 81) granting dismissal without prejudice of the Securities Act claims and denying dismissal of the Exchange Act claims. On March 15, 2023, Lead Plaintiff filed a Third Amended

Complaint adding certain Securities Act allegations (ECF No. 82), which was answered by Defendants (ECF No. 84);

WHEREAS, the Parties thereafter exchanged initial disclosures and engaged in substantial additional discovery, including subpoenas upon third parties;

WHEREAS, between party and non-party productions, Lead Plaintiff received and reviewed over 13,000 documents comprising approximately 145,000 pages, informing her of the strengths and weaknesses of her case;

WHEREAS, on January 30, 2024, the Parties mediated before an experienced mediator familiar with securities class actions, Michelle Yoshida.  Although the January 30, 2024 session did not result in a resolution, the parties continued their mediation settlement discussions;

WHEREAS, the Parties thereafter agreed to settle this Action for a cash payment of $17,750,000, and documented their agreement in a Term Sheet executed on March 4, 2024;

WHEREAS, the Term Sheet calls for the Settlement to be more fully documented in a Stipulation of Settlement;

WHEREAS, Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Third Amended Complaint, developed through discovery to date, support her claims.  Nonetheless, Lead Plaintiff and her counsel recognize and acknowledge the expense and length of continued prosecution of the Action through trial and any subsequent appeals.  Lead Plaintiff and her counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that it is desirable that the settlement as set forth in this Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiff and her counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and

adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, Defendants expressly have denied and continue to deny all allegations of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants maintain that their conduct was at all times proper and in compliance with all applicable laws, but also recognize the expense, risks and uncertainty inherent in any litigation, and desire to settle the claims against them solely so as to avoid the burden, expense, and uncertainty of further litigation. Defendants therefore believe that it is desirable to secure releases to the fullest extent permitted by law and fully and finally resolve the Action in the manner and upon the terms and conditions set forth in this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties through their undersigned counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully compromised, settled and released as against the Released Parties, and the Action shall be dismissed fully, finally and with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

I.    Definitions

A.    "Action" means the putative consolidated class action captioned *Bernstein, et al. v. Ginkgo Bioworks Holdings, Inc., et al.*, No. 4:21-cv-08943-KAW (N.D. Cal.). The Action was originally docketed as *Stuart v. Ginkgo Bioworks Holdings, Inc., et al*., No: 4:21-cv-08943-KAW (N.D. Cal.).

B.      "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

C.      "Award to Lead Plaintiff" means a request for reimbursement to Lead Plaintiff for her reasonable costs and expenses (including lost wages) directly related to Lead Plaintiff's representation of the putative class and Class in the Action.

D.      "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of California.

E.      "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

F.      "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

G.      "Class" means: (1) all persons who purchased or otherwise acquired shares in Ginkgo (including by way of exchange of SRNG shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28,

2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) all persons who were solicited to approve the Ginkgo Bioworks, Inc.–SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and (3) all persons who purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive. Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

H.      "Class Counsel" means Pomerantz LLP.

I.      "Class Members" means all persons or entities who are members of the Class and who have not submitted a request for exclusion from the Class that is accepted by the Court.

J.      "Defendants' Counsel" means Wachtell, Lipton, Rosen & Katz and Morrison & Foerster LLP.

K.      "Effective Date" means the date that is five (5) Business Days after the date on which all of the conditions to the Settlement, set forth in Section X.A, are satisfied.

L.     "Escrow Account" means an interest-bearing account maintained by the Escrow Agent, wherein the Settlement Amount shall be deposited and held in escrow in accordance with the terms of the Stipulation and any order(s) of the Court.

M.     "Escrow Agent" means Huntington National Bank.

N.     "Final" when referring to the Judgment means exhaustion of all possible appeals or requests for review, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in Section X.B, or shall affect or delay the date on which the Judgment becomes Final.

O.     "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

P.     "Net Settlement Fund" has the meaning set forth in Section III.A.

Q.     "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form attached hereto as Exhibit A-1.

R.     "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or

any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

S.      "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Settlement Administration Costs, taxes and tax expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

T.      "Postcard Notice" means the postcard form of notice directing Class Members to the Settlement Website for the full Notice and other relevant documents, substantially in the form attached hereto as Exhibit A-4.

U.      "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to be provided to the Class, substantially in the form attached hereto as Exhibit A.

V.      "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

W.      "Released Claims" means all Released Plaintiffs' Claims and all Released Defendants' Claims, including Unknown Claims.

X.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

Y.    "Released Defendants' Parties" means (i) each Defendant; (ii) the immediate family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and affiliates of Ginkgo or SRNG; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the persons or entities listed in parts (i) through (iv) as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

Z.    "Released Plaintiffs' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other Class Member, or any other Releasing Plaintiffs' Party: (i) asserted in the Third Amended Complaint; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Third Amended Complaint or any previous complaint in the Action; or (iii) that relate to the purchase, acquisition, sale, conversion, holding, redemption, or retention of Ginkgo's publicly traded securities (and those of Ginkgo's predecessor, SRNG) during the period from May 11, 2021 through October 5, 2021, or pursuant or traceable to the Proxy/Registration Statement.  Released Plaintiff's Claims shall not include (i) any claims relating to the enforcement

of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; and (iii) any derivative claims asserted by shareholders on behalf of Ginkgo in *Hu v. Baker*, No. 4:23-cv-02077 (N.D. Cal.), or *Bowers et al. v. Kelly et al.*, No. 3:23-cv-05396 (N.D. Cal.).

AA.    "Released Plaintiffs' Parties" means (i) Lead Plaintiff, all Class Members, any other plaintiffs in the Action and their counsel, Lead Plaintiff's Counsel, liaison counsel or referring counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

BB.    "Releasing Plaintiffs' Parties" means Lead Plaintiff and all Class Members who have not opted out of this Settlement pursuant to the procedures ordered by the Court, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such.

CC.    "Settlement" means the settlement contemplated by this Stipulation.

DD.    "Settlement Administrator" means the firm retained by Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement, as set forth in Section IV.A.

EE.    "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: the costs of publishing the

Summary Notice, the costs of printing and mailing the Postcard Notice and/or Notice and Proof of Claim, as directed by the Court, taxes and tax expenses, and the costs of allocating and distributing the Net Settlement Fund (as defined in Section III.A) to the Authorized Claimants. Such costs do not include legal fees.

FF.    "Settlement Amount" means the sum of $17,750,000.00 (Seventeen Million Seven-Hundred and Fifty Thousand U.S. Dollars).  The Settlement Amount includes all Settlement Administration Costs, Class Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiff (as allowed by the Court), Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement or the Action.

GG.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

HH.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

II.    "Settlement Website" means a website to be developed for the Settlement.

JJ.    "SRNG" means Soaring Eagle Acquisition Corp. (f/k/a Spinning Eagle Acquisition Corp.).

KK.    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

LL.    "Supplemental Agreement" means the separate confidential agreement being executed by the Parties as of the date hereof.

MM.    "Third Amended Complaint" means the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 82).

NN.    "Unknown Claims" means and includes any and all Claims that Lead Plaintiff and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes Claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement or to request exclusion from the Class. The Parties expressly acknowledge, and the other Class Members by operation of law are deemed to acknowledge, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to, California Civil Code ¶ 1542, which provides:

> *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.*

Lead Plaintiff, Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each releasing party (including Class Members) and Released Party by operation of law shall be deemed to have acknowledged,

that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.    Settlement Consideration

A.    In consideration of the dismissal with prejudice of the Action and the full and final release, settlement and discharge of all Released Plaintiffs' Claims as set forth herein, Defendants shall within twenty (20) Business Days after the later of (a) the Court's entry of the Preliminary Approval Order, and (b) the provision by Class Counsel of complete wire funding details (including a contact name and number to verify the wire instructions) and a signed Form W-9, wire or cause to be wired by their insurers to the Escrow Account the Settlement Amount of $17,750,000.00.    Upon the Effective Date, Defendants shall also release all of Released Defendants' Claims as set forth herein.

B.    Under no circumstances will Defendants or their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement, including, without limitation, as compensation to any Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Class Member or Class Counsel, for any taxes or tax expenses, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

## III.    The Escrow Account

A.    The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) Class Counsel's attorneys' fees and expenses as may be awarded by the Court; (ii) taxes and tax expenses; (iii) Settlement Administration Costs, (iv) any Award to Lead Plaintiff as may be awarded by the Court, and (v) any other costs and fees approved

by the Court. The balance of the Escrow Account shall be the "Net Settlement Fund" and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation. Plaintiffs and Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of all such fees, costs, and expenses, as well as any and all Released Claims. Defendants and their insurers shall have no responsibility to pay any amount in excess of the Settlement Amount (except for the costs associated with providing shareholder lists in accordance with Section IV.D and for the costs of Defendants' providing notice as required under the Class Action Fairness Act).

B.      All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

C.      The Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.      Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of both Class Counsel and Defendants' Counsel.

E.      After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F.    The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

**IV.    The Notice and Administration Account**

A.    As part of the Preliminary Approval Order, Class Counsel shall seek appointment of a Settlement Administrator. The Settlement Administrator shall establish and administer the Notice and Administration Account.  The Notice and Administration Account shall be established using funds in the Settlement Fund and shall be used only for the payment of necessary and reasonable Settlement Administration Costs.

B.    The Escrow Agent is authorized to transfer up to $300,000 from the Settlement Fund to the Notice and Administration Account for Settlement Administration Costs without further approval.  No further amounts may be transferred prior to final approval of the Settlement and entry of the Judgment, except by Court order.

C.     Plaintiffs, Class Counsel, Defendants, Defendants' insurers, and Defendants' Counsel shall not bear any liability for Settlement Administration Costs.

D.    Ginkgo shall provide within fifteen (15) Business Days after the Court's entry of the Preliminary Approval Order, and at no cost to the Settlement Fund, Lead Plaintiff, the Class, Class Counsel, or the Settlement Administrator, lists of shareholders of record during the period from May 11, 2021 through May 26, 2022 in electronic format, such as Excel, to the extent such lists are reasonably available from Ginkgo's stock transfer agent.

**V.    Preliminary Approval Order**

A.    The Parties shall submit this Stipulation together with its exhibits to the Court, and Lead Plaintiff shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the

Settlement as set forth in the Stipulation, preliminary certification of the Class for settlement purposes only, and approval of forms of notice to be mailed or emailed to all potential Class Members who can be identified with reasonable effort (the "Postcard Notice" and the "Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits A-1, A-3, and A-4 hereto. The Notice shall include a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto (the "Proof of Claim and Release"), the general terms of the Settlement set forth in the Stipulation, and shall set forth the procedure by which Persons who otherwise would be members of the Class may request to be excluded from the Class.

B.      The Parties shall request that, after the Postcard Notice and Notice have been mailed and emailed and the Summary Notice published, in accordance with this Stipulation, the Court hold the Settlement Hearing and finally approve the Settlement and enter the Judgment.

## VI.    Final Approval of the Settlement

A.      Plaintiffs shall move consistent with the schedule to be set by the Court for final approval of the Settlement, including entry of the Judgment. At the Settlement Hearing, the Parties shall jointly request entry of the Judgment.

B.      In the Judgment, the Class shall be certified for purposes of this Settlement only, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Lead Plaintiff as the class representative, (ii) the appointment of Pomerantz LLP as Class Counsel, and (iii) the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

C.      The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities.  In accordance with 15 U.S.C. §78u-4(f)(7), the Judgment shall include a bar order constituting the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been extinguished by the Settlement.  For the avoidance of doubt, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

D.      Until otherwise ordered by the Court, pending final determination of whether the Settlement should be finally approved, all proceedings in the Action shall remain stayed except for activities related to the approval or enforcement of the Settlement.  The Preliminary Approval Order will provide that, pending final determination of whether the Settlement should be finally approved, the Court bars and enjoins all Class Members from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

## VII.   Attorneys' Fees and Expenses

A.      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid)

as may be awarded by the Court.  Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.      Immediately after the Court enters an order awarding Class Counsel fees and expenses ("Fee Award"), the amounts awarded by the Court shall be released from escrow and wired as directed by Class Counsel.  These payments shall be subject to Class Counsel's obligation to make appropriate refund or repayment within thirty (30) days of the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses. Any such refund or repayment by Class Counsel shall be included in any amounts to be refunded to Defendants and/or their insurers pursuant to Section X.D, in the event such provision becomes applicable.

C.      The procedure for and allowance or disallowance by the Court of any application for Class Counsel's attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.      Except for their obligation to pay the Settlement Amount as provided in Section II, Defendants and their insurers shall have no responsibility for, or liability with respect to, any payment to Lead Plaintiff, Class Members, Class Counsel or any other Plaintiffs' counsel and/or any other Person who receives payment from the Settlement Fund.

E.    Defendants shall have no responsibility for, or liability with respect to, the allocation of a Fee Award that the Court may make in the Action among Class Counsel, any other Plaintiffs' counsel, and/or any other Person who may assert some claim thereto.

F.    Class Counsel may apply to the Court to authorize the payment of an Award to Lead Plaintiff for the time and expenses expended by Lead Plaintiff in assisting Class Counsel in the litigation of this Action.  Any Award to Lead Plaintiff shall be payable after the Effective Date, and from the Settlement Fund only.

## VIII.  Administration of Net Settlement Fund

A.    Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim.

B.    All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.    The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.      Each Proof of Claim shall be submitted to the Settlement Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel for approval by the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

E.      The Settlement Administrator shall administer and calculate the claims submitted by Class Members, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Class Counsel, its designees or agents, Plaintiffs, Defendants' Counsel, nor Defendants shall have any liability arising out of such determination.

F.      The administrative determination of the Settlement Administrator accepting and rejecting claims shall be presented to the Court, on notice to the Defendants' Counsel, for approval by the Court.

G.      Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator.  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with paragraphs G-Q of this Section.

H.      Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

I.      No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

J.      Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release signed under

penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

K.       Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Proof of Claim and Release within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

L.       All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice (as defined in Section V.A, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

M.       Neither Defendants nor their counsel or insurers shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

N.       This is not a claims made settlement.  There will be no reversions to Defendants or their insurers after the Effective Date.

O.       Defendants shall have no involvement in the solicitation or review of Proofs of Claim and Releases, or involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

P.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

Q.      No Person shall have any claim against Plaintiffs or Class Counsel, the Settlement Administrator, Defendants, or Defendants' Counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

## IX.    Tax Treatment

A.      The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.   In addition, the Settlement Administrator and Escrow Agent shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg.

§ 1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any taxes imposed on the Escrow Account.  Such returns and statements (as well as the election described in Section IX.A) shall be consistent with this Section IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Section IX.C.

       C.     All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account.  Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)).  All Parties and their tax attorneys and accountants shall cooperate with the Settlement Administrator to the extent reasonably necessary to carry out the provisions of paragraphs A-C of this Section. Defendants and the Defendants' Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of taxes and tax expenses, as described herein.

D.      Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account, nor any tax expenses incurred in connection with the administration of such account.

**X.      Settlement Conditions, Releases, and Termination**

A.      The Effective Date of the Settlement shall be deemed to occur when all of the following conditions are satisfied:

1.      Counsel for Lead Plaintiff and Defendants have executed this Stipulation;

2.      The Court enters the Preliminary Approval Order, as provided in Section V;

3.      Defendants shall have timely funded and/or caused to be funded the Settlement Fund with the Settlement Amount;

4.      The Court has approved the Settlement as described herein following notice to the Class, and has entered the Judgment dismissing the Action with prejudice, as provided in Section VI;

5.      The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option; and

6.      The Judgment has become Final.


B.      Upon the Effective Date, Lead Plaintiff and the Class Members, on behalf of themselves, and to the fullest extent permitted by law, the Releasing Plaintiffs' Parties, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Plaintiffs' Claims as against each of

the Released Defendants' Parties and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties, directly or indirectly, whether or not such Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator. Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Released Defendants' Claims as against any of the Released Plaintiffs' Parties.

C.    If the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

D.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less Settlement Administration Costs paid or incurred in accordance with the Stipulation or orders of the Court), plus any amount then remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), and any fees or expenses previously disbursed to Class Counsel pursuant to a Fee Award, shall be refunded by the Settlement Administrator, the Escrow Agent, and/or Class Counsel, as applicable, to Defendants and/or their insurers as directed by Defendants' Counsel within thirty (30) days of such cancellation or termination, and the Parties shall retain all rights, claims, defenses, and arguments available to them prior to the execution of the Stipulation.

E.    Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Settlement Administrator, the Escrow Agent, and/or Class Counsel to return

funds from the Settlement Fund to Defendants and/or their insurers pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.       If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of March 4, 2024, and counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if the Term Sheet and this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, including all defenses that Defendants may have with respect to certification of any class for litigation purposes.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: Section X.C; Section X.D; Section X.F; Section XI; and, to the extent applicable, Section VII.B (with respect to refunds of a Fee Award) and Section XII.

G.       Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

**XI.    No Admissions**

A.       Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Released Parties, with respect to any claim or

allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.

B.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this Settlement shall not be deemed an admission by any Plaintiff or any Defendant as to the merits of any claim or defense or any allegation made in the Action.

C.      Neither this Stipulation, the Term Sheet, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the foregoing, nor any of the Parties' negotiations, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with any of the foregoing and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability by any Defendant; (b) is or may be deemed to be or may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission of, or evidence of (i) any liability, fault or omission of any Defendant, or (ii) that any class should be certified for litigation purposes; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiffs would have recovered any amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file this Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**XII.    Miscellaneous Provisions**

A.    Within forty-five (45) days after the Effective Date, and subject to commercially reasonable efforts, Plaintiffs shall either return or destroy all discovery material designated as confidential or highly confidential in accordance with the Confidentiality and Protective Order entered by the Court (ECF. No. 99) ("Confidential Information") and copies thereof.  However, Plaintiffs shall not be required to locate, isolate, or destroy/return emails generated in connection with legal representation in this Action (including attachments to emails) that may include Confidential Information, or Confidential Information contained in memoranda or draft or final expert reports.  Nothing in this paragraph requires any Party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for the purpose of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

B.    Notwithstanding the requirements of paragraph A of this Section, Class Counsel may retain (1) attorney work product, including an index that refers or relates to Confidential Information; (2) draft or final expert reports, including exhibits thereto; and (3) one complete set of all documents filed with the Court, including any filed under seal.  Any retained Confidential Information shall continue to be protected under the Confidentiality and Protective Order entered by the Court (ECF. No. 99).

C.    The Parties agree that any public comments from the Parties regarding the Settlement, other than any disclosures required by law, will not substantially deviate from words

to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement and that both sides are satisfied with this resolution.  For the avoidance of doubt, nothing in this Paragraph shall prevent the Parties from making the Court filings necessary to effectuate the Settlement.

D.    The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

E.    All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

F.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

G.    This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

H.    This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties (including the Term Sheet).  No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

I.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

J.      This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

K.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of California without regard to its conflicts of law rules and in accordance with the laws of the United States.

L.      All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

M.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims, and any potential counterclaims or cross-claims any Defendant could have asserted against Released Plaintiffs' Parties with respect to Released Defendants' Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or Class Counsel, or defended by Defendants, or their respective counsel, in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil

Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Michelle Yoshida.

N.      This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

O.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

P.      The headings herein are used for the purpose of convenience and are not intended to have legal effect.

Q.      Notices required or permitted by this Stipulation shall be submitted either by overnight mail or, if expressly agreed and receipt acknowledged, by email as follows:

**To Plaintiffs:**

Joshua B. Silverman
POMERANTZ LLP
10 South LaSalle Street
Suite 3505
Chicago, IL 60603
jbsilverman@pomlaw.com

**To Defendant:**

Graham W. Meli
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
gwmeli@WLRK.com

David J. Wiener
MORRISON & FOERSTER
425 Market Street
San Francisco, CA  94105
dwiener@mofo.com

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

LEAD PLAINTIFF SHARON BERNSTEIN AND THE CLASS

By: _____

Joshua B. Silverman
Brian P. O'Connell
Genc Arifi
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181

*Lead Counsel for Lead Plaintiff
and the Class*

THE SCHALL LAW FIRM
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional counsel for Lead Plaintiff
and the Class*

DEFENDANTS GINKGO BIOWORKS HOLDINGS, INC. (F/K/A SOARING EAGLE ACQUISITION CORP., F/K/A SPINNING EAGLE ACQUISITION CORP.), HARRY E. SLOAN, ELI BAKER, SCOTT M. DELMAN, JOSHUA KAZAM, ISAAC LEE, TIMOTHY LEIWEKE, DENNIS A. MILLER, LAURENCE E. PAUL, JASON KELLY, RESHMA SHETTY, ARIE BELLDEGRUN, MARIJN DEKKERS, CHRISTIAN HENRY, RESHMA KEWALRAMANI, SHYAM SANKAR, AND ANNA MARIE WAGNER

By: _____

William Savitt
Graham W. Meli (pro hac vice)
Anitha Reddy (pro hac vice)
Akua F. Abu (pro hac vice)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

Jordan Eth (CA SBN 121617)
David J. Wiener (SBN 291659)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
JEth@mofo.com
DWiener@mofo.com

*Attorneys for Defendants*

<u>**Exhibit A**</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: 4:21-cv-08943-KAW |
| vs. | **CLASS ACTION** |
| GINKGO BIOWORKS HOLDINGS, INC., et al., | |
| Defendants. | |

<u>**[PROPOSED] PRELIMINARY APPROVAL ORDER**</u>

WHEREAS, Lead Plaintiff Sharon Bernstein ("Lead Plaintiff," and together with Class Members, "Plaintiffs"), and Defendants Ginkgo Bioworks Holdings, Inc. ("Ginkgo" or "the Company"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner ("Defendants," together with Lead Plaintiff, the "Parties" and each a "Party"), entered into the Stipulation of Settlement dated April 3, 2024 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action pending before the Court (the "Action");

WHEREAS, the Court having considered the Stipulation and the exhibits thereto, and Plaintiffs' motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

WHEREAS, the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this [6th] day of [June], 2024, that:

1.     Capitalized terms used herein have the meanings defined in the Stipulation.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action for a Class including: (1) all persons who purchased or otherwise acquired shares in Ginkgo (including by way of exchange of SRNG shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) all persons who were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and (3) all persons who purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive. Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the Lead Plaintiff's claims are typical of the claims of the Class she seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative and her counsel, previously selected by Lead Plaintiff and appointed by the Court during lead plaintiff proceedings, is hereby appointed as Class Counsel.

5.      The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court **[choose one: in-person/telephonically/via Zoom]** on Thursday, November 7, 2024, at 1:30 p.m. for the following purposes:

      (a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

      (b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)    to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the releases set forth in the Stipulation should be ordered;

(d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider any application of Class Counsel for an award of fees and reimbursement of litigation expenses, or an application for an award to Lead Plaintiff;

(f)    to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf) provided that they validly submitted an objection in accordance with this Order and he Notice; and

(g)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded fees or expenses.

8.    The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Proof of Claim, and (d) the Summary Notice, all of which are exhibits to the Stipulation.

9.    Class Counsel has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary

to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims.  Up to $250,000 in notice and administration costs may be paid to the Settlement Administrator without further order of this Court.

11.     By [June 24, 2024 if Order entered June 6, 2024] (eighteen (18) calendar days of the entry of this Order), Class Counsel, through the Settlement Administrator, shall either (a) email the Notice and Proof of Claim to Class Members for whom the Settlement Administrator is able to obtain email addresses, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-2 or (b) cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4 to be mailed, by first-class mail, postage prepaid, to Class Members who can be identified with reasonable effort by Class Counsel, through the Settlement Administrator.  Class Counsel, through the Settlement Administrator, shall promptly mail the Postcard Notice or email the Notice and Proof of Claim to Class Members who become identifiable thereafter, for example by beneficial holder information provided by nominees or transfer records received thereafter.

12.     The Settlement Administrator shall provide the Notice, Proof of Claim and Postcard Notice to nominees and custodians, and such nominees and custodians shall, within ten (10) calendar days of receipt of the Notice, either: (i) request copies of the Postcard Notice sufficient to send to all beneficial owners for whom they are nominee or custodian; or (ii) request an electronic link to Notice and Proof of Claim ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Settlement Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners. If the Settlement Administrator receives an email address, it will send a Notice and Claim Link electronically.  Otherwise, it will send a Postcard Notice.  Nominees or custodians who elect to send the Notice/Proof of Claim or Notice and Claim Link to their beneficial owners shall send a written certification to the Settlement Administrator confirming that the mailing or emailing has

been made as directed. Copies of the Postcard Notice and Notice and Claim Links shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Settlement Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.03 per name (with address and email address) provided to the Settlement Administrator; up to $0.03 per Postcard Notice plus postage at the rate used by the Settlement Administrator;  or up to $0.03 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13.    Class Counsel shall, by October 31, 2024, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof, by affidavit or declaration, of the mailing of the Postcard Notice and Proof of Claim as required by this Order.

14.    Class Counsel, through the Settlement Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Settlement website by [June 24, 2024 if Order entered June 6, 2024], eighteen (18) calendar days after entry of this Order.

15.    Class Counsel, through the Settlement Administrator, shall cause the Summary Notice to be published electronically once on a national wire service such as *GlobeNewswire* or *PR Newswire* by [July 8, 2024 if Order entered June 6, 2024], within fourteen (14) calendar days after the Postcard Notice mailing or Notice and Claim Link emailing, and again by [July 22, 2024 if Order entered June 6, 2024], within twenty-eight (28) calendar days after such mailing or emailing.  Class Counsel shall, by October 31, 2024, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

16.    The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the

Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

     17.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

     (a)    A properly completed and executed Proof of Claim must be submitted to the Settlement Administrator: (a) electronically through the Settlement website, www.GinkgoSecuritiesSettlement.com, by 11:59 p.m. Pacific Time on October 8, 2024; or (b) at the Post Office Box indicated in the Notice, postmarked no later than October 8, 2024 (thirty (30) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claimant receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Settlement Administrator at the address designated in the Notice.

     (b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

7

transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Settlement Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Settlement Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Settlement Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the

Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Lead Plaintiff or Defendants, or of their counsel or the Settlement Administrator be allowed on any topic.

18.    All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

19.    Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than October 17, 2024 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name, address and phone number and email contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement and Class in *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*, Case No. 4:21-cv-08943-KAW (N.D. Cal.)" and (B) state the number of shares of Ginkgo (including its predecessor SRNG) common stock purchased, acquired, and/or sold during the Class Period (as defined in the Notice).    Any such request for exclusion must be signed and submitted by the beneficial owner. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion or

to request documentary proof of each purchase or acquisition and, if applicable, sale of Ginkgo common stock during the Class Period (as defined in the Notice).

20.    The Settlement Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely request for exclusion.

21.    Any Person that submits a request for exclusion may thereafter submit to the Settlement Administrator a signed, written revocation of that request for exclusion, provided that it is received no later than November 5, 2024, two (2) business days before the Settlement Hearing, in which event that Person will be included in the Class.

22.    All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

23.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served the objection upon the Court by October 17, 2024, at least twenty-one (21) calendar days prior to the Settlement Hearing Date.  To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases, acquisitions, and sales of Ginkgo common stock (including its predecessor SRNG) during the Class Period (as defined in the Notice) in order to show membership in the Class; and (3) all grounds for the objection, including any legal support known to the Class

Member and/or his, her, or its counsel and a statement specifying whether the objection applies to the objector, to a specific subset of the class, or to the entire class. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or application for an award of fees or reimbursement of expenses may do so at the Settlement Hearing, provided they have filed a timely objection in accordance with this Order.

24.     Any Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

25.     The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

26.     All papers in support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed and served no later than October 3, 2024, thirty-five (35) calendar days before the Settlement Hearing.

27.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses any application for an award of fees or reimbursement of expenses shall be filed no later than October 31, 2024, seven (7) calendar days prior to the Settlement Hearing.

11

28.    Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Lead Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses or awards to Lead Plaintiff, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement.

29.    Pending final determination of whether the Settlement should be approved, all Plaintiffs and Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Plaintiffs' Claims against any Released Defendants' Party in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation. Pending final determination of whether the Settlement should be finally approved, all proceedings in the Action shall remain stayed except for activities related to the approval or enforcement of the Settlement.

30.    All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

31.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Defendants or any of the other Released Defendants' Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not

be construed as, or deemed to be evidence of or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

32.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to the execution date of the Stipulation, pursuant to the terms of the Stipulation.

33.    The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

DATED:

_____
Hon. Kandis A. Westmore
United States Magistrate Judge

<u>Exhibit A-1</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:21-cv-08943-KAW |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED CLASS ACTION SETTLEMENT**

**If you (1) purchased or otherwise acquired shares in Ginkgo Bioworks Holdings, Inc. ("Ginkgo," including by way of exchange of Soaring Eagle Acquisition Corp., f/k/a Spinning Eagle Acquisition Corp. ("SRNG") shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.–SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement, and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive,[1] you may be entitled to a payment from a class action settlement.**

---

[1] The term Class Period, as used herein, applies to all three of these categories, and spans from May 11, 2021 to November 15, 2021, both dates inclusive. The Class Period includes the period applicable to Section 10(b) claims between May 11, 2021 and October 5, 2021, both dates inclusive (the "Section 10(b) Class Period"), as well as the date on which shares were exchanged in the merger and the time following the merger through November 15, 2021 for which Class Counsel has determined purchases or acquisitions of shares would be traceable to the Proxy/Registration Statement.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[2] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Class Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:** The Settlement resolves claims by the Court-appointed Lead Plaintiff Sharon Bernstein ("Lead Plaintiff"), that have been asserted on behalf of herself and the Class against Ginkgo Bioworks Holdings, Inc. ("Ginkgo" or "the Company," f/k/a Soaring Eagle Acquisition Corp., f/k/a Spinning Eagle Acquisition Corp., or "SRNG"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner (collectively, "Defendants", and together with the Lead Plaintiff, the "Parties") for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021 together with information filed under Form 425 as a supplement to that registration statement pursuant to Rule 425 promulgated under the Securities Act (collectively, the "Proxy/Registration Statement"). It releases the Released Defendants' Parties (defined below) from liability.

- **Statement of Class Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $17,750,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 13-18 below.

- **Estimate of Average Recovery Per Share:** Lead Plaintiff estimates there were approximately 172,500,000 shares of Ginkgo common stock traded during the Class Period that may have been impacted. Pursuant to the Plan of Allocation (*see* pp. 13-18 below), if all affected Ginkgo shares elect to participate in the Settlement, the average recovery per

---

[2] All capitalized terms not otherwise defined in this notice shall have the same meaning provided in the Stipulation of Settlement, dated April 4, 2024 (the "Stipulation").

share could be approximately $.10, before deduction of any fees, expenses, costs, and awards described herein. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Ginkgo common stock, whether they sold their shares of Ginkgo stock and the total number of valid Proof of Claim and Release forms ("Claim Forms") submitted and the value of those claims. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-18 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Defendants. Among other things, the Parties disagree on (i) whether Defendants violated the federal securities laws by making materially false or otherwise misleading statements during the Class Period, (ii) whether the alleged misrepresentations and omissions in Ginkgo's public filings were, in fact, materially misleading, (iii) whether Lead Plaintiff and the Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and purported subsequent revelation of the truth, and (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by the Class.

- **Reasons for Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Settlement was entered into after extended mediation proceedings. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action and to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

- **Attorneys' Fees and Costs:** Class Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $325,000, and any interest accrued thereon. If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $0.0276 per share. In addition, an award for the time and expenses incurred by the Lead Plaintiff will be requested, not to exceed $5,000.

- **Identification of Attorneys' Representatives:** Requests for further information regarding the Action, this Notice or the Settlement, can be directed to Class Counsel:

Joshua B. Silverman, Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603, (312) 377-1181. **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 202__** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 202__** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 202__** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Class. *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 202__ AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 202__** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

### BASIC INFORMATION

1.  **Why did I get this Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Ginkgo or SRNG, and might be a Class Member. This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is**

**available on the Settlement Website at www.GinkgoSecuritiesSettlement.com.** *See* **Question 8 below.**

The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Class Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*, Case No: 4:21-cv-08943. The Action is assigned to Magistrate Judge Kandis A. Westmore.

## 2.    What is this case about and what has happened so far?

As alleged in the operative complaint, Ginkgo is a synthetic biology company that primarily provides commodity engineering of yeast. Ginkgo's business consists of two main parts called "Foundry" and "Codebase." The complaint alleges that (a) the Foundry is a yeast strain engineering lab with which Ginkgo provides R&D services to other companies, and (b) the Codebase is a repository of the strains it has produced and the data it has retained about those strains.

Soaring Eagle was a Special Purpose Acquisition Company ("SPAC") formed as a corporation in the Cayman Islands in 2020 for the purpose of merging with, and bringing public, a business to be identified by its managers. On May 11, 2021, Soaring Eagle announced that it had entered into a merger agreement with Ginkgo Bioworks, Inc., to effect the initial public offering of Ginkgo. Soaring Eagle shares were listed and publicly traded on the NASDAQ until the merger.

According to the operative complaint, Ginkgo made false and misleading statements in the Proxy/Registration Statement it used to merge with SRNG and go public, including: (a) inaccurately describing related party deals impacting reported revenue and deferred revenue; (b) inaccurately describing the value of certain services it performed; (c) misrepresenting certain related parties as independent; and (d) overstating the amount of non- related party revenue Ginkgo generated. SRNG investors, having received the allegedly inaccurate disclosures in the Proxy/ Registration Statement, on September 14, 2021: (1) approved the merger, effecting the initial public offering of Ginkgo shares; and (2) determined whether to exercise their right of redemption for $10 per share or to receive in an exchange a share of Ginkgo. Lead Plaintiff alleges that the inaccuracies in the Proxy/Registration Statement violated Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934. Lead Plaintiff also alleges that a subset of Defendants violated Exchange Act Section 10(b) by making misrepresentations to investors with the required "scienter."

In connection with this Action, Lead Plaintiff, through her counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press

5

releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) interviews conducted with former employees of Ginkgo; (vi) over seven thousand documents (over 94 thousand pages) produced by Defendants; (vii) over six thousand documents (and over 53 thousand pages) produced by third parties; and (viii) the applicable law governing the claims and potential defenses.  Lead Plaintiff and Plaintiff's Counsel also responded to Defendants' discovery requests. Lead Plaintiff's Counsel also consulted with experts on the industry, market efficiency, loss causation, and damages issues, and prepared an expert report for class certification briefing.

On January 30, 2024 the Parties attended a full-day mediation session with Michelle Yoshida, Esq., a well-respected and highly experienced mediator.  Prior to the mediation session, Lead Plaintiff provided Defendants and the mediator with a detailed mediation statement, and with a reply statement in further support.  Lead Plaintiff and Defendants ended the January 30, 2024 mediation without reaching a resolution to the Action.  The Parties continued negotiations over the next several weeks and ultimately agreed to a mediator's proposal to resolve the claims for the Settlement Amount.

On March 8, 2024, the Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

**3.**     **Why is this a class action?**

In a class action, one or more persons or entities (in this case, Lead Plaintiff), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.**     **Why is there a Settlement?**

Lead Plaintiff and Class Counsel believe that the claims asserted in the Action have merit.  However, Lead Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.   Lead Plaintiff and Class Counsel also recognize that Defendants have numerous defenses that could preclude a recovery.  For example, Defendants challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. For the Section 10(b) claims, they have also challenged the element of scienter.  The Settlement provides a guaranteed and immediate cash recovery to the Class.  In light of the risks, Lead Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that Lead Plaintiff or the Class suffered damages, or that the price of Ginkgo common stock was artificially inflated.  The Settlement should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged against the Defendants.

5.      **How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below): all investors who: (1) purchased or otherwise acquired shares in Ginkgo, including by way of exchange SRNG shares,  pursuant or traceable to the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive.

Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you are a member of the Class.  You are a Class Member only if you individually (and not a fund you own) meet the Class definition.

6.      **Are there exceptions to be included in the Class?**

Yes.  There are some individuals and entities who or which are excluded from the Class by definition.  Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above.  Also excluded from the Class will be any Person and entities who or which submit a request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

## THE SETTLEMENT BENEFITS

7.      **What does the Settlement provide?**

In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendants' Parties, the Defendants have agreed to create a $17,750,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Settlement Administration Costs, taxes and tax expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.**    **How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.GinkgoSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Settlement Administrator toll-free at 1-(866) 274-4004.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www. GinkgoSecuritiesSettlement.com to the Settlement Administrator so that it is **postmarked or received no later than _____, 202__.**

**9.**    **When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, 202___ to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**10.**    **What am I giving up to receive a payment or stay in the Class?**

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendants' Parties."  Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiffs' Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.  On the "Effective Date," Defendants also will release any claims they might have against Class Members related to the prosecution of the Action.

**"Released Plaintiffs' Claims"** means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other member of the Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Third Amended Complaint; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Third Amended Complaint or any previous complaint in the Action; or (iii) that relate to the purchase, acquisition, sale, conversion, holding, redemption, or retention of Ginkgo's publicly traded securities (and those of Ginkgo's predecessor, SRNG) during the period from May 11, 2021 through October 5, 2021, or pursuant or traceable to the Proxy/Registration Statement ("Released Plaintiffs' Claims").  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; (iii) any derivative claims asserted by shareholders on behalf of Ginkgo in *Hu v. Baker*, No. 4:23-cv-02077 (N.D. Cal.), or *Bowers et al. v. Kelly et al.*, No. 3:23-cv-05396 (N.D. Cal.) as of the date of the filing of this Stipulation with the Court; and (iv) any claims of persons who submit a request for exclusion that is accepted by the Court.

"**Released Defendants' Parties**" means (i) each Defendant; (ii) the immediate family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and affiliates of Ginkgo or SRNG; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

"**Unknown Claims**" means and includes any and all claims that Lead Plaintiff and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement or to request exclusion from the Class. The Parties expressly acknowledge, and the other Class Members by operation of law are deemed to acknowledge, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The release of "Unknown Claims" was separately bargained for and a material element of the Settlement.

Upon the Effective Date of the Settlement, the Released Plaintiffs' Claims will be fully, finally, and forever released as to Defendants and all of the Released Defendants' Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Defendants' Parties shall release all of the Released Defendants' Claims as against Lead Plaintiff, Class Counsel, and all Class Members.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of Ginkgo or SRNG common stock seek exclusion from the Class.**

**11.    How do I exclude myself from the Class?**

To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*, Case No: 4:21-cv-08943-KAW (N.D. Cal.)".  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, telephone number and email contact information (if any) of the person or entity requesting exclusion; (ii) state the number of shares of Ginkgo (including predecessor SRNG) common stock purchased, acquired, and/or sold during the Class Period from May 11, 2021 through November 15, 2021; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than _____, 202__,** to:

Ginkgo Bioworks Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA  19063

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties **please speak to your lawyer in the case immediately.**

**12.    If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Released Plaintiffs' Claims.

**THE LAWYERS REPRESENTING YOU**

**13.    Do I have a lawyer in this case?**

The Court appointed the law firm of Pomerantz LLP to represent all Class Members.    If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will the lawyers be paid?**

You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Lead Plaintiff's Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses.  Lead Plaintiff's Counsel will ask the Court to award attorneys' fees of no more than

10

twenty-five percent (25%) of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $325,000 plus accrued interest. Lead Plaintiff may also request an award of up to $5,000 to reimburse her reasonable time, costs and expenses in representing the Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION,
OR THE FEE AND EXPENSE APPLICATION**

**15.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number "Bernstein v. Ginkgo Bioworks Holdings, Inc., et al., Case No. 4:21-cv-08943-KAW (N.D. Cal.)"; (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489;  and (c) be filed or postmarked on or before _____, 2024.

**16.    What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You may object *only* if you remain part of the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you will lose standing to object to the Settlement because it will no longer affect you.

**THE SETTLEMENT HEARING**

**17.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____, _202__ at _____ _.m., either telephonically, on Zoom, and/or at 1301 Clay Street, Oakland, CA 94612.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and

11

(iii) Class Counsel's application for attorneys' fees and expenses and Lead Plaintiff's service awards are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically or on Zoom, without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date or time has not changed, periodically check the Settlement Website at www.GinkgoSecuritiesLitigation.com, or periodically check the Court's website at https://www.cand.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**18.**    **Do I have to come to the Settlement Hearing?**

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 202____.**

**19.**    **May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing concerning the Settlement and your objection to it should you wish to do so. If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

**IF YOU DO NOTHING**

**20.**    **What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Class (*see* Question 11 above).

**GETTING MORE INFORMATION**

**21.**    **Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation, Class Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, 202___ and be available from Class Counsel, the Settlement Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.GinkgoSecuritiesSettlement.com, calling the Settlement Administrator toll free at 1-(866)-174-4004, emailing the Settlement Administrator at info@strategicclaims.net, or writing to the Settlement Administrator at Ginkgo Bioworks Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 22.  How will my claim be calculated?

As discussed above, the Settlement provides $17,750,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Class Counsel, any Award to Lead Plaintiff approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.GinkgoSecuritiesSettlement.com.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.

The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than $20 dollars ($20.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Lead Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The Plan of Allocation also takes into account Class Counsel's assessment of the strength and weakness of the various claims and defenses.

Federal securities laws allow investors to recover for losses caused by disclosures that corrected Defendants' previous misleading statements or omissions. Such shares must be traceable to the offering. For purposes of this Plan of Allocation, all shares purchased between September 17, 2021 and November 15, 2021, including by way of exchange of shares of SRNG pursuant to the merger consummated on September 16, 2021, will be deemed traceable to the offering. In order to have been damaged by the alleged violations of the federal securities laws, Ginkgo stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Lead Plaintiff and Class Counsel have determined that price declines occurred on the following date: October 6, 2021.  Accordingly, if Ginkgo stock was sold before October 6, 2021, the Recognized Loss for that Ginkgo stock is $0.00, and any loss suffered is not compensable under the federal securities laws.

Ginkgo stock purchased or otherwise acquired directly in the Company's September 2021 IPO, by way of exchange of shares of SRNG, or in the open market during the period from September 17, 2021 to November 15, 2021, both dates inclusive, are eligible for a claim under the Securities Act. The Recognized Loss shall be the (amount calculated under the Securities Act as described below in "Calculating Recognized Loss Under the Securities Act."  The Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that

Defendants prove are not attributable to misrepresentations and/or omissions alleged by Lead Plaintiff in the Proxy/Registration Statement. Class Counsel, after consulting with its experts, has determined that the majority of statutory Securities Act damages would be subject to this defense. This determination is reflected in the Plan of Allocation.

Section 14(a) Class Members also have claims for damages, although they are duplicative of the Securities Act and Section 10(b) of the Exchange Act damages.   In order to have recoverable damages under Section 14(a) of the Exchange Act, Class Members must have held SRNG common stock as of August 10, 2021; been eligible to vote on the Ginkgo Bioworks, Inc.-SRNG merger on September 14, 2021 and subsequently exchanged these shares for Ginkgo common stock on or about September 17, 2021.

**Calculating Recognized Loss Per Share**

The Recognized Loss per share shall be calculated as follows:

i.   For each share that was purchased or otherwise acquired prior to September 17, 2021 but sold before the opening of trading on October 6, 2021, the Recognized Loss per share is $0.00.

ii.  For each share that was purchased or otherwise acquired during the Section 10(b) Class Period, including by means of exchange of shares in connection with the merger of SRNG and Ginkgo Bioworks, Inc., and was sold between October 6, 2021 through January 3, 2022, both dates inclusive, the Recognized Loss per share is *the greater of (a) or (b) below*:

    a.   the lesser of (x) $1.39[3] and (y) the purchase/acquisition price per share *minus* the "90-Day Lookback Value" on the date of sale provided in Table 1 below; or

    b.   the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

iii. For each share that was purchased or otherwise acquired during the Section 10(b) Class Period, including by means of exchange in connection with the merger, and still held as of the close of trading on January 3, 2022, the Recognized Loss per share is *the greater of (a) or (b) below*:

    a.   the lesser of (x) $1.39 and (y) the purchase/acquisition price per share *minus* $11.84; or

    b.   the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

---

[3] $1.39 represents the price decline in Ginkgo stock on October 6, 2021. See Complaint ¶111.

15

iv. For each share that was purchased or otherwise acquired after the Section 10(b) Class Period, but on or before November 15, 2021, the Recognized Loss per share is the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/6/2021 | $10.59 | 11/4/2021 | $12.75 | 12/6/2021 | $12.65 |
| 10/7/2021 | $10.91 | 11/5/2021 | $12.80 | 12/7/2021 | $12.59 |
| 10/8/2021 | $10.71 | 11/8/2021 | $12.89 | 12/8/2021 | $12.53 |
| 10/11/2021 | $10.40 | 11/9/2021 | $12.97 | 12/9/2021 | $12.47 |
| 10/12/2021 | $10.49 | 11/10/2021 | $13.00 | 12/10/2021 | $12.42 |
| 10/13/2021 | $10.45 | 11/11/2021 | $13.01 | 12/13/2021 | $12.38 |
| 10/14/2021 | $10.62 | 11/12/2021 | $13.01 | 12/14/2021 | $12.32 |
| 10/15/2021 | $10.78 | 11/15/2021 | $13.01 | 12/15/2021 | $12.29 |
| 10/18/2021 | $10.95 | 11/16/2021 | $13.04 | 12/16/2021 | $12.25 |
| 10/19/2021 | $11.34 | 11/17/2021 | $13.06 | 12/17/2021 | $12.23 |
| 10/20/2021 | $11.56 | 11/18/2021 | $13.02 | 12/20/2021 | $12.21 |
| 10/21/2021 | $11.70 | 11/19/2021 | $13.04 | 12/21/2021 | $12.19 |
| 10/22/2021 | $11.81 | 11/22/2021 | $13.05 | 12/22/2021 | $12.17 |
| 10/25/2021 | $11.98 | 11/23/2021 | $13.02 | 12/23/2021 | $12.15 |
| 10/26/2021 | $12.15 | 11/24/2021 | $13.00 | 12/27/2021 | $12.10 |
| 10/27/2021 | $12.29 | 11/26/2021 | $12.97 | 12/28/2021 | $12.05 |
| 10/28/2021 | $12.40 | 11/29/2021 | $12.95 | 12/29/2021 | $12.00 |
| 10/29/2021 | $12.48 | 11/30/2021 | $12.92 | 12/30/2021 | $11.95 |
| 11/1/2021 | $12.55 | 12/1/2021 | $12.88 | 12/31/2021 | $11.89 |
| 11/2/2021 | $12.59 | 12/2/2021 | $12.81 | 1/3/2022 | $11.84 |
| 11/3/2021 | $12.67 | 12/3/2021 | $12.72 | N/A | N/A |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Ginkgo stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Ginkgo stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that a share was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Ginkgo stock during the Class Period in exchange for securities of any other corporation or entity, other than SRNG, shall not be deemed a purchase or sale of Ginkgo stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions during the Class Period in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Ginkgo stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option on Ginkgo shares[4] shall be computed as provided for other purchases of Ginkgo stock in the Plan of Allocation. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amount. The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice

---

[4] Including (1) purchases of Ginkgo stock as the result of the exercise of a call option, and (2) purchases of stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Settlement Administrator or Class Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Class Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Class Counsel.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Ginkgo or SRNG common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Settlement Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Settlement Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Settlement Administrator with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Settlement Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Settlement Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Settlement Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Settlement Administrator. All communications concerning the foregoing should be addressed to the Settlement Administrator by telephone at 1-(866)-174-4004, by email at info@strategicclaims.net at the Settlement Website at www.GinkgoSecuritiesSettlement.com, or through mail at Ginkgo Bioworks c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

Dated: _____, 202_          BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE
                                            NORTHERN DISTRICT OF CALIFORNIA

Exhibit A-2

*Ginkgo Securities Litigation*
**Toll-Free Number: (866) 274-4004**
**Email:  info@strategicclaims.net**
**Website:  GinkgoSecuritiesSettlement.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.GinkgoSecuritiesSettlement.com, with supporting documentation, *postmarked* **(if mailed) or received no later than _____, 2024**.

## Mail to:

**Ginkgo Securities Litigation**
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Settlement Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN GINKGO COMMON STOCK AND ITS PREDECESSOR SRNG** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **8** |

## PART I – CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Settlement Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Joint Beneficial Owner's Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

| City | State/Province | Zip Code |
|------|----------------|----------|
|      |                |          |

| Foreign Postal Code (if applicable) | Foreign Country (if applicable) |
|-------------------------------------|----------------------------------|
|                                     |                                  |

| Telephone Number (Day) | Telephone Number (Evening) |
|------------------------|----------------------------|
|                        |                            |

Email Address (email address is not required, but if you provide it you authorize the Settlement Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

- ☐ Individual(s)
- ☐ Partnership
- ☐ Corporation
- ☐ Estate
- ☐ UGMA Custodian
- ☐ Trust
- ☐ IRA
- ☐ Other (describe: _____ )

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of Proposed Settlement (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.GinkgoSecuritiesSettlement.com. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Class Member (see the definition of the Class on page [___] of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.** Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Ginkgo Bioworks, Inc. ("Ginkgo") common stock (symbol: DNA), including its predecessor Soaring Eagle Acquisition Corp. f/k/a Spinning Eagle Acquisition Corp. (symbol: SRNG), and whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only shares of Ginkgo (including predecessor SRNG) common stock purchased or acquired (including by way of exchange in the merger between Ginkgo and SRNG) from May 11, 2021 and November 15, 2021 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice. However, under the "90-day look-back period" (described in the Plan of Allocation) and the statutory formula set forth in the Securities Act of 1933, sales of Ginkgo common stock as late as May 25, 2022 will be used for purposes of calculating certain Recognized Loss amounts under the Plan of Allocation. Therefore, in order for the Settlement Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Ginkgo/SRNG common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Settlement Administrator do not independently have information about your investments. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Settlement Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Ginkgo/SRNG common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Ginkgo/SRNG common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Ginkgo/SRNG common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account.  The Settlement Administrator reserves the right to request information on all the holdings and transactions in Ginkgo/SRNG common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security Number (or other taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Ginkgo/SRNG stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

      (a)     own(ed) the Ginkgo/SRNG common stock you have listed in the Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Settlement Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the website, www.GinkgoSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.   If you are a Representative Filer and wish to submit your claim electronically, you must contact the Settlement Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

17.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.GinkgoSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Settlement Administrator prior to filing.  You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Settlement Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Settlement Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE SETTLEMENT ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE SETTLEMENT ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

**PART III – SCHEDULE OF TRANSACTIONS IN GINKGO/SRNG COMMON STOCK**

Do not include information regarding any securities other than Ginkgo, and its predecessor, SRNG.  Please include proper documentation with your Claim Form as described in Part II – General Instructions, ¶ 6, above.

| TRANSACTIONS IN SRNG COMMON STOCK BETWEEN MAY 11, 2021 AND SEPTEMBER 17, 2021 | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF MAY 10, 2021 –** State the total number of shares of SRNG held as of the opening of trading on May 10, 2021.  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
| **2. ALL PURCHASES/ACQUISITIONS OF SRNG FROM MAY 11, 2021 THROUGH SEPTEMBER 17, 2021**– Separately list each and every purchase or acquisition of SRNG common stock from April 21, 2015 through September 17, 2021 (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| **3. SALES OF SRNG FROM MAY 11, 2021 THROUGH SEPTEMBER 17, 2021**– Separately list each and every sale or disposition (including free deliveries) of SRNG common stock from May 11, 2021 through September 17, 2021 (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| **4. SRNG SHARES EXCHANGED FOR GINKGO SHARES IN SEPTEMBER, 2021** – State the total number of SRNG shares you exchanged for Ginkgo shares in September 2021.  (Must be documented.)  If none, write "zero" or "0." | | | | |
| **5. SRNG SHARES REDEEMED IN SEPTEMBER, 2021–** State the total number of shares of SRNG share you redeemed in September 2021.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | |
| TRANSACTIONS IN GINKGO COMMON STOCK ON OR AFTER SEPTEMBER 17, 2021 | | | | |
| **7. PURCHASES/ACQUISITIONS FROM SEPTEMBER 17, 2021 THROUGH NOVEMBER 15, 2021** – Separately list each and every purchase or acquisition of Ginkgo common stock from September 17, 2021 through November 15, 2021.  (Must be documented.) | | | | |

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**8.  PURCHASES/ACQUISITIONS FROM NOVEMBER 16, 2021 THROUGH MAY 25, 2022** – State the total number of shares of Ginkgo common stock purchased or acquired from November 16, 2021 through May 25, 2022.  If none, write "zero" or "0." _____

| **9.  SALES FROM SEPTEMBER 17, 2021 THROUGH MAY 25, 2022** – Separately list each and every sale or disposition of Ginkgo common stock from September 17, 2021 through May 25, 2022.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**10.  HOLDINGS AS OF MAY 25, 2022 –** State the total number of shares of Ginkgo common stock held as of the close of trading on May 25, 2022.  If none, write "zero" or "0." _____

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.  ☐**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [  ] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that I (we) own(ed) the Ginkgo/SRNG common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Ginkgo/SRNG common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Settlement Administrator, or the Court may require;

7.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

8.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____    _____
Signature of claimant                                                                                          Date

_____
Print claimant name here

_____    _____
Signature of joint claimant, if any                                                                      Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____    _____
Signature of person signing on behalf of claimant                                          Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Settlement Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Settlement Administrator toll free at (866) 274-4004.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Settlement Administrator written notification of your new address. If you change your name, inform the Settlement Administrator.

7. If you have any questions or concerns regarding your claim, contact the Settlement Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you may visit www.GinkgoSecuritiesSettlement.com. DO NOT call Ginkgo or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.GINKGOSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2024**. IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Ginkgo Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

A Claim Form received by the Settlement Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, **2024**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Settlement Administrator of any change of address.

#3449409

Exhibit A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>                v.<br><br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:21-cv-08943-KAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**TO:**    **ALL PERSONS WHO (1) purchased or otherwise acquired shares in Ginkgo Bioworks Holdings, Inc. ("Ginkgo," including by way of exchange of Soaring Eagle Acquisition Corp., f/k/a Spinning Eagle Acquisition Corp. ("SRNG") shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement, and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive:**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that a

hearing will be held on _____, 2024, at __:__ _.m. before the Honorable Kandis A. Westmore, United States Magistrate Judge, at the courthouse for the Northern District of California, telephonically, on Zoom, and/or at 1301 Clay Street, Oakland, CA 94612 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration in the amount of seventeen million seven hundred and fifty thousand dollars ($17,750,000.00) should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether Class Counsel's application for an award of attorneys' fees of up to twenty-five percent (25%) and any interest accrued thereon, and reimbursement of out-of-pocket expenses of not more than $325,000 and any interest accrued thereon, and a compensatory award for Lead Plaintiff of not more than $5,000, all to be paid from the Settlement Fund, should be approved; and (4) whether this Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated April 4, 2024 (the "Stipulation") filed with the Court.

You are receiving this Notice because the Court has preliminarily certified a class of investors for settlement purposes only ("Class"), and you may be a member of the Class ("Class Member"). The proposed Class will consist of all persons or entities who (1) purchased or otherwise acquired shares in Ginkgo, including by way of exchange SRNG shares, pursuant or traceable to the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive. Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above.

If you purchased or acquired Ginkgo common stock between May 11, 2021 and November 15, 2021, your rights may be affected by this Action and the Settlement thereof, including the release and extinguishment of claims you may possess relating to your ownership interest in Ginkgo common stock.  If you have not received a more-detailed, long-form Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release Form, you may obtain copies of these documents and the Stipulation by downloading them at the Settlement website at: www.GinkgoSecuritiesSettlement.com.    If you are unable to do so, you may contact the Settlement Administrator to obtain copies:

Ginkgo Bioworks Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA  19063

The case has been litigated since November, 2021.  Plaintiff alleges that Defendants made false and misleading statements in the Proxy/Registration Statement it used to merge with SRNG and go public, including: (a) inaccurately describing related party deals impacting reported revenue and deferred revenue; (b) inaccurately describing the value of certain services it performed; (c) misrepresenting certain related parties as independent; and (d) overstating the amount of non-related party revenue Ginkgo generated.  SRNG investors, having received the allegedly inaccurate disclosures in the Proxy/ Registration Statement, on September 14, 2021: (1) approved the merger, effecting the initial public offering of Ginkgo shares, and (2) determined whether to exercise their right of redemption for $10 per share or to receive in an exchange a share of Ginkgo.  Lead Plaintiff alleges that the inaccuracies in the Proxy/Registration Statement violated Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934.  Lead Plaintiff also alleges that a subset of Defendants violated Exchange Act Section 10(b) by making misrepresentations to investors with the required "scienter."

Defendants have denied and continue to deny these allegations and that they committed any act or omission giving rise to any liability or violation of the law.  The Settlement will resolve the lawsuit and the Released Claims as to the Defendants and other Released Parties.  Plaintiff and the Class are represented by Class Counsel, who may be reached by contacting: Joshua Silverman, Pomerantz LLP, 10 S. LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form received no later than _____, 2024, establishing that you are entitled to recovery.  Unless you submit a written exclusion request, you will be bound by any Judgment rendered in the Action whether or not you make a claim.

If you want to be excluded from the Class, you must submit to the Settlement Administrator a request for exclusion, in accordance with the procedures set forth in the long-form Notice, so that it is received no later than _____, 2024.  If you decide to exclude yourself from the Class and wish to file your own individual lawsuit based on the Released Plaintiffs' Claims, Defendants may argue that you face a time bar under applicable statutes of limitation or repose, risks that you should discuss with an appropriate legal advisor.  All members of the Class who have not requested exclusion from the Class will be bound by any Judgment entered in the Action pursuant to the Stipulation.

If you are a Class Member and do not exclude yourself, you can object to the Settlement, Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses and compensatory award to Plaintiff in the manner and form explained in the detailed Notice and received no later than _____, 2024.

3

Any questions regarding the Settlement should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.,
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*,
Case No. 21-cv-08943

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT www.GinkgoSecuritiesLitigation.com FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Ginkgo Bioworks, Holdings, Inc., ("Ginkgo") and certain executives and directors of Ginkgo (collectively, "Defendants"). The Settlement would resolve a lawsuit in which Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about Ginkgo's customer base, the value of services performed, and its amount of related party-deals, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Ginkgo common stock in its initial public offering, or between May 11, 2021 and October 5, 2021, inclusive, including by way of its predecessor Soaring Eagle Acquisition Corp. ("SRNG").

Defendants have agreed to pay a Settlement Amount of $17,750,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, a reimbursement award to Plaintiff, and taxes, is to be divided among all Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.GinkgoSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Ginkgo common stock. If every eligible Class Member submits a valid Claim Form, the average recovery will be $0.10 per eligible share before expenses and other Court-ordered deductions. Your award will be your *pro rata* share of the Net Settlement Fund as further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website **www.GinkgoSecuritiesSettlement.com**, or will be mailed to you upon request to the Settlement Administrator (866-174-4004). **Claim Forms must be postmarked by _____**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $325,000, for litigating the case and negotiating the Settlement, and to consider whether to approve reimbursement of Plaintiff's costs and expenses related to their representation of the Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-174-4004) or visit the website **[www.GinkgoSecuritiesSettlement .com]** and read the detailed Notice.

**Exhibit B**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>Defendants. | Case No: 4:21-cv-08943-KAW<br><br>**CLASS ACTION** |

### [PROPOSED] ORDER AND FINAL JUDGMENT

On the ____ day of _____, 2024 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated April 4, 2024 ("Stipulation") are fair, reasonable, and adequate for the Settlement of all claims asserted by the Class in this Action, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiff.

The Court having considered all matters submitted to it at the hearing and otherwise; and

it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated _____, 2024 was published; the Postcard Notice directing recipients to the full Notice and Proof of Claim were mailed, or the Notice and Proof of Claim were emailed to all reasonably identifiable Class Members, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claims of Lead Plaintiff are typical of the claims of the Class she seeks to represent;

(d)     Lead Plaintiff and Class Counsel fairly and adequately represent the interests of the Class;

(e)     questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

      i.    the interests of Class Members in individually controlling the prosecution of the separate actions;

      ii.    the extent and nature of any litigation concerning the controversy already commenced by Class Members;

      iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

      iv.    the difficulties likely to be encountered in the management of the class action.

The Class is being certified for settlement purposes only.

4.    The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons and entities: (1) who purchased or otherwise acquired shares in Ginkgo (including by way of exchange of SRNG shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) all persons who were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and (3) all persons who purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive. Excluded from the Class are: (a) Defendants

and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above; and (e) any members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth herein and in the Notice and Preliminary Approval Order, who are listed on Exhibit A hereto. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and Class Counsel previously selected by her and appointed by the Court is hereby appointed as counsel for the Class.

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds

that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment except those Persons listed on Exhibit A to this Order and Final Judgment.

7.    The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.    The Action and all claims contained therein, as well as all of the Released Plaintiffs' Claims, are dismissed with prejudice as against Defendants and the Released Defendants' Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.    Lead Plaintiff and Class Members, on behalf of themselves, their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendants' Parties. Plaintiff and Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiff and Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way

participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Released Defendants' Parties. Defendants similarly release and are permanently barred and enjoined from pursuing Released Defendants' Claims against the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar any Plaintiff or Defendant from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

11.    The Court awards fees to Class Counsel in the amount of _____% of the Settlement Amount, or $_____, and any interest accrued thereon, and reimbursement of expenses to Class Counsel in the amount of $_____, and any interest accrued thereon, all to be paid from the Settlement Fund. Class Counsel shall be solely responsible for allocating the attorneys' fees and expenses among itself, liaison counsel, and any other additional plaintiff's counsel in the manner in which Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. The Court also awards Lead Plaintiff a compensatory award in the amount of $_____, also to be paid from the Settlement Fund.

12.    The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

13.    The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and the Released Plaintiffs' Parties (regardless of whether or not any

individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

14.    Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Released Plaintiffs' Claims, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants or the Released Defendants' Parties;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)    is or may be deemed to be or shall be used, offered, or received against Lead Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Lead Plaintiff or

the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Lead Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, that any of the claims in this Action are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15.      The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities.  In accordance with 15 U.S.C. §78u-4(f)(7), the Judgment shall include a bar order constituting the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been extinguished by the Settlement.  For the avoidance of doubt, nothing in the Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

16.      Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction

of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court. No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or distribution of the Net Settlement Fund, Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection with any of the foregoing.

17.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

18.     Without further order of the Court, Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. Without further order of the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

19.     The finality of this Order and Final Judgment is not contingent on rulings that the Court may make on, or any appeals or requests for review relating solely to, any application in the Action for fees or expenses to Class Counsel, compensatory awards to Lead Plaintiff, or the validity or amount of any Proof of Claim.

20.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no

further force or effect, and without prejudice to any Party, and may not be introduced as evidence

or used in any action or proceeding by any Person against the Parties or the Released Defendants'

Parties or Released Plaintiffs' Parties, and each Party shall be restored to his, her or its respective

litigation positions as they existed prior to March 4, 2024, pursuant to the terms of the Stipulation.

    DATED:

                                            _____
                                            Hon. Kandis A. Westmore
                                            United States Magistrate Judge