Exhibit A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SHARON BERNSTEIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-08943-KAW |
| GINKGO BIOWORKS HOLDINGS, INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATIONS OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.     I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over seventeen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and fifty (550) class action settlements since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF THE POSTCARD NOTICE

2.     Pursuant to the Court's Order Granting Motion for Preliminary Approval of Settlement, dated July 31, 2024 (Dkt. No. 126, the "Preliminary Approval Order"), SCS was retained as Settlement Administrator to supervise and administer the notice procedure and claims

processing, as well as the other services in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      SCS sent the Depository Trust Company ("DTC") the Notice of Pendency of Class Action and Proposed Class Action Settlement ("Notice") and Proof of Claim and Release Form ("Proof of Claim") (collectively, the "Notice and Proof of Claim") for the DTC to publish on its Legal Notice System ("LENS") on August 13, 2024.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  A true and correct copy of the Notice and Proof of Claim is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers/owners whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers/owners.  The names and addresses of these beneficial purchasers/owners are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,039 banks and brokerage companies ("Nominee Account Holders"), as well as 1,266 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On August 13, 2024, SCS caused a letter to be mailed or e-mailed to the 2,305 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within seven (7) calendar days from the date of the letter,

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated as of April 4, 2024 (Dkt. No. 117-1, the "Stipulation").

they either: (a) request from SCS sufficient copies of the Postcard Notice to send to each of their customers who may be beneficial purchasers/owners, and within seven (7) calendar days after receipt of the copies of Postcard Notice, mail them to such customers; (b) e-mail an electronic link to the Notice and Proof of Claim supplied by SCS to beneficial purchasers/owners within seven (7) calendar days after receipt of the link; or (c) provide SCS with a list of the names, mailing addresses, and e-mail addresses, to the extent e-mail addresses were available, of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or e-mail the link to the Notice and Proof of Claim on the Settlement website directly to them. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.     SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 772 individuals and/or entities identified in the transfer records that were provided to SCS by Lead Counsel. These records reflect the individuals and/or entities that (1) purchased or otherwise acquired the shares in Ginkgo Bioworks Holdings, Inc. ("Ginkgo," including by way of exchange of Soaring Eagle Acquisition Corp., f/ka/ Spinning Eagle Acquisition Corp. ("SRNG") shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.,-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive ("Class

Period[2]").  The transfer record mailing was completed on August 22, 2024.  Following this mailing, SCS received 6,714 additional names and addresses of potential Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received requests from three nominees for Postcard Notices so that the nominees could forward them to their 11,215 clients, and two nominees notified SCS that they mailed a total of 293 Postcard Notices to their clients. To date, 18,994 Postcard Notices have been mailed to potential Class Members.  **Exhibit C** is a copy of the Postcard Notice.

6.    Additionally, SCS received 8,608 e-mail addresses for potential Class Members from individuals or nominees requesting that SCS e-mail the Notice and Proof of Claim link to these potential Class Members, and SCS was notified by a nominee that they e-mailed 44,930 of their clients to notify them of this Settlement and provide the link to the Notice and Proof of Claim. To date, 53,538 e-mails have been sent to potential Class Members.

7.    In total, 72,532 notices (either via mailed Postcard Notice or e-mailed Notice and Proof of Claim link) were sent to potential Class Members by SCS or nominees.

8.    Out of the 18,994 Postcard Notices mailed by SCS or a nominee, 47 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for ten, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 37 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 17 were re-mailed to updated addresses.

---

[2] The term Class Period, as used herein, applies to all three of these categories, and spans from May 11, 2021 to November 15, 2021, both dates inclusive.  The Class Period includes the period applicable to Section 10(b) claims between May 11, 2021 and October 5, 2021, both dates inclusive, as well as the date on which shares were exchanged in the merger and the time following the merger through November 15, 2021 for which Lead Counsel has determined purchases or acquisitions of shares would be traceable to the Proxy/Registration Statement.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, the Notice of Pendency and Settlement of Class Action ("Summary Notice") was published electronically nationally over *Globe Newswire* on September 4, 2024 and September 18, 2024.  The confirmations of publication are attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

10.    SCS maintains a toll-free telephone number (1-866-274-4004) for Class Members to call and obtain information about the Settlement as well as request a copy of the Notice and Proof of Claim.  SCS has promptly responded to each telephone inquiry and will continue to address Class Member inquiries.

## SETTLEMENT WEBSITE

11.    On August 13, 2024, SCS established a case-specific website dedicated to the Settlement at www.GinkgoSecuritiesSettlement.com ("Settlement Website").  The Settlement Website is accessible 24 hours a day, 7 days a week, allows online claim filing, and provides instructions and a claims filing template for institutional investors.  The Settlement Website contains a home page; an important documents page with downloadable versions of the Notice and Proof of Claim, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.    The Postcard Notice, Notice, Summary Notice, and the Settlement Website informed potential Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than November 21, 2024.  SCS has been monitoring all mail

delivered for this case.  As of the date of this declaration, SCS has received no requests for exclusion.

13.    The Postcard Notice, Notice, Summary Notice, and Settlement Website further informed Class Members seeking to object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff are required to submit their objection in writing such that the request is received by the Class Action Clerk no later than November 21, 2024.  As of the date of this declaration, SCS has neither received any objections nor been notified that any objections were received.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 16th day of October 2024, in Media, Pennsylvania.


Margery Craig

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:21-cv-08943-KAW |
| GINKGO BIOWORKS HOLDINGS, INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED CLASS ACTION SETTLEMENT**

**If you (1) purchased or otherwise acquired shares in Ginkgo Bioworks Holdings, Inc. ("Ginkgo," including by way of exchange of Soaring Eagle Acquisition Corp., f/k/a Spinning Eagle Acquisition Corp. ("SRNG") shares) pursuant or traceable to the proxy/registration statement (the "Proxy/Registration Statement") that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.–SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement, and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive,[1] you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[2] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether

---

[1] The term Class Period, as used herein, applies to all three of these categories, and spans from May 11, 2021 to November 15, 2021, both dates inclusive. The Class Period includes the period applicable to Section 10(b) claims between May 11, 2021 and October 5, 2021, both dates inclusive (the "Section 10(b) Class Period"), as well as the date on which shares were exchanged in the merger and the time following the merger through November 15, 2021 for which Class Counsel has determined purchases or acquisitions of shares would be traceable to the Proxy/Registration Statement.

[2] All capitalized terms not otherwise defined in this notice shall have the same meaning provided in the Stipulation of Settlement, dated April 4, 2024 (the "Stipulation").

the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Class Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:** The Settlement resolves claims by the Court-appointed Lead Plaintiff Sharon Bernstein ("Lead Plaintiff"), that have been asserted on behalf of herself and the Class against Ginkgo Bioworks Holdings, Inc. ("Ginkgo" or "the Company," f/k/a Soaring Eagle Acquisition Corp., f/k/a Spinning Eagle Acquisition Corp., or "SRNG"), Harry E. Sloan, Eli Baker, Scott M. Delman, Joshua Kazam, Isaac Lee, Timothy Leiweke, Dennis A. Miller, Laurence E. Paul, Jason Kelly, Reshma Shetty, Arie Belldegrun, Marijn Dekkers, Christian Henry, Reshma Kewalramani, Shyam Sankar, and Anna Marie Wagner (collectively, "Defendants", and together with the Lead Plaintiff, the "Parties") for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021 together with information filed under Form 425 as a supplement to that registration statement pursuant to Rule 425 promulgated under the Securities Act (collectively, the "Proxy/Registration Statement"). It releases the Released Defendants' Parties (defined below) from liability.

- **Statement of Class Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $17,750,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 10-14 below.

- **Estimate of Average Recovery Per Share:** Lead Plaintiff estimates there were approximately 172,500,000 shares of Ginkgo common stock traded during the Class Period that may have been impacted. Pursuant to the Plan of Allocation (*see* pp. 10-14 below), if all affected Ginkgo shares elect to participate in the Settlement, the average recovery per share could be approximately $.10, before deduction of any fees, expenses, costs, and awards described herein. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Ginkgo common stock, whether they sold their shares of Ginkgo stock and the total number of valid Proof of Claim and Release forms ("Proof of Claim") submitted and the value of those claims. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-14 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Defendants. Among other things, the Parties disagree on (i) whether Defendants violated the federal securities laws by making materially false or otherwise misleading statements during the Class Period, (ii) whether the alleged misrepresentations and omissions in Ginkgo's public filings were, in fact, materially misleading, (iii) whether Lead Plaintiff and the Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and purported subsequent revelation of the truth, and (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by the Class.

- **Reasons for Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further

litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Settlement was entered into after extended mediation proceedings. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action and to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

- **Attorneys' Fees and Costs:** Class Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $325,000, and any interest accrued thereon. If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $0.0276 per share. In addition, an award for the time and expenses incurred by the Lead Plaintiff will be requested, not to exceed $5,000. All such fees will be paid from the Settlement Fund.

- **Identification of Attorneys' Representatives:** Requests for further information regarding the Action, this Notice or the Settlement, can be directed to Class Counsel: Joshua B. Silverman, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, Illinois 60603, (312) 377-1181. **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM ONLINE OR POSTMARKED NO LATER THAN NOVEMBER 21, 2024** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY NOVEMBER 21, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT BY NOVEMBER 21, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Class. *See* Question 15 below for details. |
| **GO TO A HEARING ON DECEMBER 5, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY NOVEMBER 21, 2024** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Proof of Claim, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

1.    <u>**Why did I get this Notice?**</u>

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Ginkgo or SRNG, and might be a Class Member. This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Proof of Claim that is available on the Settlement Website at www.GinkgoSecuritiesSettlement.com.  *See* Question 8 below.**

The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Class Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al*., Case No: 4:21-cv-08943. The Action is assigned to Magistrate Judge Kandis A. Westmore.

2.    <u>**What is this case about and what has happened so far?**</u>

As alleged in the operative complaint, Ginkgo is a synthetic biology company that primarily provides commodity engineering of yeast. Ginkgo's business consists of two main parts called "Foundry" and "Codebase."  The complaint alleges that (a) the Foundry is a yeast strain engineering lab with which Ginkgo provides R&D services to other companies, and (b) the Codebase is a repository of the strains it has produced and the data it has retained about those strains.

Soaring Eagle was a Special Purpose Acquisition Company ("SPAC") formed as a corporation in the Cayman Islands in 2020 for the purpose of merging with, and bringing public, a business to be identified by its managers. On May 11, 2021, Soaring Eagle announced that it had entered into a merger agreement with Ginkgo Bioworks, Inc., to effect the initial public offering of Ginkgo.   Soaring Eagle shares were listed and publicly traded on the NASDAQ until the merger.

According to the operative complaint, Ginkgo made false and misleading statements in the Proxy/Registration Statement it used to merge with SRNG and go public, including: (a) inaccurately describing related party deals impacting reported revenue and deferred revenue; (b) inaccurately describing the value of certain services it performed; (c) misrepresenting certain related parties as independent; and (d) overstating the amount of non- related party revenue Ginkgo generated.   SRNG investors, having received the allegedly inaccurate disclosures in the Proxy/Registration Statement, on September 14, 2021: (1) approved the merger, effecting the initial public offering of Ginkgo shares; and (2) determined whether to exercise their right of redemption for $10 per share or to receive in an exchange a share of Ginkgo.  Lead Plaintiff alleges that the inaccuracies in the Proxy/Registration Statement violated Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934.  Lead Plaintiff also alleges that a subset of Defendants violated Exchange Act Section 10(b) by making misrepresentations to investors with the required "scienter."

In connection with this Action, Lead Plaintiff, through her counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) interviews conducted with former employees of Ginkgo; (vi) over seven thousand documents (over 94 thousand pages) produced by Defendants; (vii) over six thousand documents (and

4

over 53 thousand pages) produced by third parties; and (viii) the applicable law governing the claims and potential defenses. Lead Plaintiff and Plaintiff's Counsel also responded to Defendants' discovery requests. Lead Plaintiff's Counsel also consulted with experts on the industry, market efficiency, loss causation, and damages issues, and prepared an expert report for class certification briefing.

On January 30, 2024 the Parties attended a full-day mediation session with Michelle Yoshida, Esq., a well-respected and highly experienced mediator. Prior to the mediation session, Lead Plaintiff provided Defendants and the mediator with a detailed mediation statement, and with a reply statement in further support. Lead Plaintiff and Defendants ended the January 30, 2024 mediation without reaching a resolution to the Action. The Parties continued negotiations over the next several weeks and ultimately agreed to a mediator's proposal to resolve the claims for the Settlement Amount.

On March 8, 2024, the Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

**3.**     <u>**Why is this a class action?**</u>

In a class action, one or more persons or entities (in this case, Lead Plaintiff), sues on behalf of people and entities who or which have similar claims. Together, these people and entities are a "Class," and each is a "Class Member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the Class.

**4.**     <u>**Why is there a Settlement?**</u>

Lead Plaintiff and Class Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiff and Class Counsel also recognize that Defendants have numerous defenses that could preclude a recovery. For example, Defendants challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. For the Section 10(b) claims, they have also challenged the element of scienter. The Settlement provides a guaranteed and immediate cash recovery to the Class. In light of the risks, Lead Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that Lead Plaintiff or the Class suffered damages, or that the price of Ginkgo common stock was artificially inflated. The Settlement should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged against the Defendants.

**5.**     <u>**How do I know if I am part of the Settlement?**</u>

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below): all investors who: (1) purchased or otherwise acquired shares in Ginkgo, including by way of exchange SRNG shares, pursuant or traceable to the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on May 14, 2021, and that was thereafter amended on Forms S-4/A on June 28, 2021, July 16, 2021, August 4, 2021, and August 9, 2021 and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on August 13, 2021; (2) were solicited to approve the Ginkgo Bioworks, Inc.-SRNG merger and to retain rather than redeem SRNG shares pursuant to the Proxy/Registration Statement; and/or (3) purchased or otherwise acquired in a public offering or on public markets securities of Ginkgo (including its predecessor SRNG) between May 11, 2021 and October 5, 2021, both dates inclusive.

Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you are a member of the Class.  You are a Class Member only if you individually (and not a fund you own) meet the Class definition.

**6.      Are there exceptions to be included in the Class?**

Yes.  There are some individuals and entities who or which are excluded from the Class by definition.  Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above.  Also excluded from the Class will be any Person and entities who or which submit a request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

## THE SETTLEMENT BENEFITS

**7.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendants' Parties, the Defendants have agreed to create a $17,750,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Settlement Administration Costs, taxes and tax expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Proof of Claim and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.      How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Proof of Claim.  A Proof of Claim is included with this Notice.  You can also obtain a Proof of Claim from the website dedicated to the Settlement: www.GinkgoSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Settlement Administrator toll-free at 1-(866) 274-4004.  Please read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form requests, sign it, and mail or submit it electronically through www.GinkgoSecuritiesSettlement.com to the Settlement Administrator so that it is **postmarked or received online no later than November 21, 2024.**

**9.      When will I receive my payment?**

The Court will hold a Settlement Hearing on **December 5, 2024** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**10.      What am I giving up to receive a payment or stay in the Class?**

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendants' Parties."  Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiffs' Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.  On the "Effective Date," Defendants also will release any claims they might have against Class Members related to the prosecution of the Action.

**"Released Plaintiffs' Claims"** means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other member

of the Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Third Amended Complaint; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Third Amended Complaint or any previous complaint in the Action; or (iii) that relate to the purchase, acquisition, sale, conversion, holding, redemption, or retention of Ginkgo's publicly traded securities (and those of Ginkgo's predecessor, SRNG) during the period from May 11, 2021 through October 5, 2021, or pursuant or traceable to the Proxy/Registration Statement ("Released Plaintiffs' Claims"). Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; (iii) any derivative claims asserted by shareholders on behalf of Ginkgo in *Hu v. Baker*, No. 4:23-cv-02077 (N.D. Cal.), or *Bowers et al. v. Kelly et al*., No. 3:23-cv-05396 (N.D. Cal.) as of the date of the filing of this Stipulation with the Court; and (iv) any claims of persons who submit a request for exclusion that is accepted by the Court.

**"Released Defendants' Parties"** means: (i) each Defendant; (ii) the immediate family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and affiliates of Ginkgo or SRNG; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

**"Unknown Claims"** means and includes any and all claims that Lead Plaintiff and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement or to request exclusion from the Class. The Parties expressly acknowledge, and the other Class Members by operation of law are deemed to acknowledge, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The release of "Unknown Claims" was separately bargained for and a material element of the Settlement.

Upon the Effective Date of the Settlement, the Released Plaintiffs' Claims will be fully, finally, and forever released as to Defendants and all of the Released Defendants' Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Defendants' Parties shall release all of the Released Defendants' Claims as against Lead Plaintiff, Class Counsel, and all Class Members.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting

out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit.  Also, the Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of Ginkgo or SRNG common stock seek exclusion from the Class.**

11.    **How do I exclude myself from the Class?**

       To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*, Case No: 4:21-cv-08943-KAW (N.D. Cal.)".  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, telephone number and email contact information (if any) of the person or entity requesting exclusion; (ii) state the number of shares of Ginkgo (including predecessor SRNG) common stock purchased, acquired, and/or sold during the Class Period from May 11, 2021 through November 15, 2021; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than November 21, 2024,** to:

       Ginkgo Bioworks Securities Litigation
       c/o Strategic Claims Services
       600 N. Jackson Street, Suite 205
       Media, PA  19063

       **Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

       If you ask to be excluded, do not submit a Proof of Claim because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties **please speak to your lawyer in the case immediately.**

12.    **If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

       No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Released Plaintiffs' Claims.

                          **THE LAWYERS REPRESENTING YOU**

13.    **Do I have a lawyer in this case?**

       The Court appointed the law firm of Pomerantz LLP to represent all Class Members.   If you want to be represented by your own lawyer, you may hire one at your own expense.

14.    **How will the lawyers be paid?**

       You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Lead Plaintiff's Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses.  Lead Plaintiff's Counsel will ask the Court to award attorneys' fees of no more than twenty-five percent (25%) of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $325,000 plus accrued interest.  Lead Plaintiff may also request an award of up to $5,000 to reimburse her reasonable time, costs and expenses in representing the Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**15.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff.  You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number "Bernstein v. Ginkgo Bioworks Holdings, Inc., et al., Case No. 4:21-cv-08943-KAW (N.D. Cal.)";  (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, 1301 Clay St., Suite 400 South, Oakland, CA 94612;  and (c) be filed or received on or before November 21, 2024.

**16.    What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement.  You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved.  You may object *only* if you remain part of the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you will lose standing to object to the Settlement because it will no longer affect you.

## THE SETTLEMENT HEARING

**17.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on **December 5, 2024 at 1:30 p.m.**, either on Zoom, and/or at 1301 Clay Street, Oakland, CA 94612.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Class Counsel's application for attorneys' fees and expenses and Lead Plaintiff's service awards are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing in person or telephonically, without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date or time has not changed, periodically check the Settlement Website at www.GinkgoSecuritiesSettlement.com, or periodically check the Court's website at https://www.cand.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed.  The Court's docket is also available on the PACER service at https://www.pacer.gov.

**18.    Do I have to come to the Settlement Hearing?**

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than November 21, 2024.**

**19.** **May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing concerning the Settlement and your objection to it should you wish to do so. If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

## IF YOU DO NOTHING

**20.** **What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Proof of Claim (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Class (*see* Question 11 above).

## GETTING MORE INFORMATION

**21.** **Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation, Class Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than October 17, 2024 and be available from Class Counsel, the Settlement Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.GinkgoSecuritiesSettlement.com, calling the Settlement Administrator toll free at 1-866-274-4004, emailing the Settlement Administrator at info@strategicclaims.net, or writing to the Settlement Administrator at Ginkgo Bioworks Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA 19063.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**22.** **How will my claim be calculated?**

As discussed above, the Settlement provides $17,750,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Class Counsel, any Award to Lead Plaintiff approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Proof of Claim that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proof of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.GinkgoSecuritiesSettlement.com.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than twenty dollars ($20.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Lead Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The Plan of Allocation also takes into account Class Counsel's assessment of the strength and weakness of the various claims and defenses.

Federal securities laws allow investors to recover for losses caused by disclosures that corrected Defendants' previous misleading statements or omissions. Such shares must be traceable to the offering. For purposes of this Plan of Allocation, all shares purchased between September 17, 2021 and November 15, 2021, including by way of exchange of shares of SRNG pursuant to the merger consummated on September 16, 2021, will be deemed traceable to the offering. In order to have been damaged by the alleged violations of the federal securities laws, Ginkgo stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiff and Class Counsel have determined that price declines occurred on the following date: October 6, 2021. Accordingly, if Ginkgo stock was sold before October 6, 2021, the Recognized Loss for that Ginkgo stock is $0.00, and any loss suffered is not compensable under the federal securities laws.

Ginkgo stock purchased or otherwise acquired directly in the Company's September 2021 IPO, by way of exchange of shares of SRNG, or in the open market during the period from September 17, 2021 to November 15, 2021, both dates inclusive, are eligible for a claim under the Securities Act. The Recognized Loss shall be the (amount calculated under the Securities Act as described below in "Calculating Recognized Loss Under the Securities Act." The Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to

misrepresentations and/or omissions alleged by Lead Plaintiff in the Proxy/Registration Statement. Class Counsel, after consulting with its experts, has determined that the majority of statutory Securities Act damages would be subject to this defense. This determination is reflected in the Plan of Allocation.

Section 14(a) Class Members also have claims for damages, although they are duplicative of the Securities Act and Section 10(b) of the Exchange Act damages. In order to have recoverable damages under Section 14(a) of the Exchange Act, Class Members must have held SRNG common stock as of August 10, 2021; been eligible to vote on the Ginkgo Bioworks, Inc.-SRNG merger on September 14, 2021 and subsequently exchanged these shares for Ginkgo common stock on or about September 17, 2021.

### Calculating Recognized Loss Per Share

The Recognized Loss per share shall be calculated as follows:

i. For each share that was purchased or otherwise acquired prior to September 17, 2021 but sold before the opening of trading on October 6, 2021, the Recognized Loss per share is $0.00.

ii. For each share that was purchased or otherwise acquired during the Section 10(b) Class Period, including by means of exchange of shares in connection with the merger of SRNG and Ginkgo Bioworks, Inc., and was sold between October 6, 2021 through January 3, 2022, both dates inclusive, the Recognized Loss per share is *the greater of (a) or (b) below*:

    a. the lesser of (x) $1.39[3] and (y) the purchase/acquisition price per share *minus* the "90-Day Lookback Value" on the date of sale provided in Table 1 below; or

    b. the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

iii. For each share that was purchased or otherwise acquired during the Section 10(b) Class Period, including by means of exchange in connection with the merger, and still held as of the close of trading on January 3, 2022, the Recognized Loss per share is *the greater of (a) or (b) below*:

    a. the lesser of (x) $1.39 and (y) the purchase/acquisition price per share *minus* $11.84; or

    b. the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

iv. For each share that was purchased or otherwise acquired after the Section 10(b) Class Period, but on or before November 15, 2021, the Recognized Loss per share is the difference between the purchase or acquisition price (not to exceed the offer price of $11.42) and the greater of (x) the sales price or (y) the closing price on May 25, 2022 of $2.88, multiplied by 20%.

---

[3] $1.39 represents the price decline in Ginkgo stock on October 6, 2021. See Complaint ¶111.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/6/2021 | $10.59 | 11/4/2021 | $12.75 | 12/6/2021 | $12.65 |
| 10/7/2021 | $10.91 | 11/5/2021 | $12.80 | 12/7/2021 | $12.59 |
| 10/8/2021 | $10.71 | 11/8/2021 | $12.89 | 12/8/2021 | $12.53 |
| 10/11/2021 | $10.40 | 11/9/2021 | $12.97 | 12/9/2021 | $12.47 |
| 10/12/2021 | $10.49 | 11/10/2021 | $13.00 | 12/10/2021 | $12.42 |
| 10/13/2021 | $10.45 | 11/11/2021 | $13.01 | 12/13/2021 | $12.38 |
| 10/14/2021 | $10.62 | 11/12/2021 | $13.01 | 12/14/2021 | $12.32 |
| 10/15/2021 | $10.78 | 11/15/2021 | $13.01 | 12/15/2021 | $12.29 |
| 10/18/2021 | $10.95 | 11/16/2021 | $13.04 | 12/16/2021 | $12.25 |
| 10/19/2021 | $11.34 | 11/17/2021 | $13.06 | 12/17/2021 | $12.23 |
| 10/20/2021 | $11.56 | 11/18/2021 | $13.02 | 12/20/2021 | $12.21 |
| 10/21/2021 | $11.70 | 11/19/2021 | $13.04 | 12/21/2021 | $12.19 |
| 10/22/2021 | $11.81 | 11/22/2021 | $13.05 | 12/22/2021 | $12.17 |
| 10/25/2021 | $11.98 | 11/23/2021 | $13.02 | 12/23/2021 | $12.15 |
| 10/26/2021 | $12.15 | 11/24/2021 | $13.00 | 12/27/2021 | $12.10 |
| 10/27/2021 | $12.29 | 11/26/2021 | $12.97 | 12/28/2021 | $12.05 |
| 10/28/2021 | $12.40 | 11/29/2021 | $12.95 | 12/29/2021 | $12.00 |
| 10/29/2021 | $12.48 | 11/30/2021 | $12.92 | 12/30/2021 | $11.95 |
| 11/1/2021 | $12.55 | 12/1/2021 | $12.88 | 12/31/2021 | $11.89 |
| 11/2/2021 | $12.59 | 12/2/2021 | $12.81 | 1/3/2022 | $11.84 |
| 11/3/2021 | $12.67 | 12/3/2021 | $12.72 | N/A | N/A |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Ginkgo stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Ginkgo stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that a share was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Ginkgo stock during the Class Period in exchange for securities of any other corporation or entity, other than SRNG, shall not be deemed a purchase or sale of Ginkgo stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions during the Class Period in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the

Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Ginkgo stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option on Ginkgo shares[4] shall be computed as provided for other purchases of Ginkgo stock in the Plan of Allocation. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amount. The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Settlement Administrator or Class Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Class Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Class Counsel.

---

[4] Including (1) purchases of Ginkgo stock as the result of the exercise of a call option, and (2) purchases of stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Ginkgo or SRNG common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE SETTLEMENT ADMINISTRATOR'S NOTICE**, **YOU MUST EITHER**: (a) provide to the Settlement Administrator the name and last known address of each such person or entity; or (b) request copies of the Postcard Notice from the Settlement Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities.  If they are available, you must also provide the Settlement Administer with the e-mails of the beneficial owners.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Settlement Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Settlement Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Settlement Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Settlement Administrator. All communications concerning the foregoing should be addressed to the Settlement Administrator by telephone at 1-(866)-274-4004, by email at info@strategicclaims.net at the Settlement Website at www.GinkgoSecuritiesSettlement.com, or through mail at Ginkgo Bioworks c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.

Dated: July 31, 2024                    BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE
                                        NORTHERN DISTRICT OF CALIFORNIA

***Ginkgo Securities Litigation***
**Toll-Free Number: (866) 274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.GinkgoSecuritiesSettlement.com**

### PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Proof of Claim") and mail it by first-class mail to the address below, or submit it online at www.GinkgoSecuritiesSettlement.com, with supporting documentation, ***postmarked* (if mailed) or online no later than November 21, 2024**.

**Mail to: *Ginkgo Securities Litigation***
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Fax: (610)565-7985**
**Email: info@strategicclaims.net**

Failure to submit your Proof of Claim by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Settlement Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **17** |
| **PART II – GENERAL INSTRUCTIONS** | **18** |
| **PART III – SCHEDULE OF TRANSACTIONS IN GINKGO COMMON STOCK AND ITS PREDECESSOR SRNG** | **21** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **23** |

GINKGO

## PART I – CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Proof of Claim. If this information changes, you MUST notify the Settlement Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Joint Beneficial Owner's Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Beneficial Owner's Name" box above (e.g., Jones IRA).
Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City                                State/Province      Zip Code

Foreign Postal Code (if applicable)      Foreign Country (if applicable)

Telephone Number (Day)                  Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Settlement Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

- ☐ Individual(s)
- ☐ Partnership
- ☐ Corporation
- ☐ Estate
- ☐ UGMA
- ☐ Trust
- ☐ IRA
- ☐ Other: _____

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

17

GINKGO

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice is also available on the Settlement website at: www.GinkgoSecuritiesSettlement.com.   The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Proof of Claim, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Class Member (see the definition of the Class on page 5 of the Notice), do not submit a Proof of Claim.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Proof of Claim that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Proof of Claim, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Ginkgo Bioworks, Inc. ("Ginkgo") common stock (symbol: DNA), including its predecessor Soaring Eagle Acquisition Corp. f/k/a Spinning Eagle Acquisition Corp. (symbol: SRNG), and whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      <u>Please note</u>:  Only shares of Ginkgo (including predecessor SRNG) common stock purchased or acquired (including by way of exchange in the merger between Ginkgo and SRNG) from May 11, 2021 and November 15, 2021 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation) and the statutory formula set forth in the Securities Act of 1933, sales of Ginkgo common stock as late as May 25, 2022 will be used for purposes of calculating certain Recognized Loss amounts under the Plan of Allocation.  Therefore, in order for the Settlement Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Ginkgo/SRNG common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Settlement Administrator do not independently have information about your investments.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Settlement Administrator. Also, do not highlight any portion of the Proof of Claim or any supporting documents.**

8.      Use Part I of this Proof of Claim entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Ginkgo/SRNG common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Ginkgo/SRNG common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Ginkgo/SRNG common stock were

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

18

GINKGO

registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Proof of Claim and their names must appear as "Claimants" in Part I of this Proof of Claim.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Proof of Claim should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Proof of Claim should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Proof of Claim. However, if a single person or legal entity had multiple accounts that were separately managed, separate Proof of Claim may be submitted for each such account. The Settlement Administrator reserves the right to request information on all the holdings and transactions in Ginkgo/SRNG common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or other taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Ginkgo/SRNG stock; and

(c)     furnish herewith evidence of their authority to bind to the Proof of Claim the person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Proof of Claim, you will be swearing that you:

(a)     own(ed) the Ginkgo/SRNG common stock you have listed in the Proof of Claim; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Settlement Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the website, www.GinkgoSecuritiesSettlement.com, where copies of the Proof of Claim and Notice are available for downloading.

16.     NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

19

GINKGO

and wish to submit your claim electronically, you must contact the Settlement Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

17.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.GinkgoSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Settlement Administrator prior to filing.  You will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Settlement Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Settlement Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE SETTLEMENT ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR PROOF OF CLAIM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE SETTLEMENT ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

20

GINKGO

## PART III – SCHEDULE OF TRANSACTIONS IN GINKGO/SRNG COMMON STOCK

Do not include information regarding any securities other than Ginkgo, and its predecessor, SRNG.  Please include proper documentation with your Claim Form as described in Part II – General Instructions, ¶ 6, above.

| TRANSACTIONS IN SRNG COMMON STOCK BETWEEN MAY 11, 2021 AND SEPTEMBER 16, 2021 | | | | |
|---|---|---|---|---|

**1.  HOLDINGS AS OF MAY 10, 2021 –** State the total number of shares of SRNG held as of the opening of trading on May 10, 2021.  If none, write "zero" or "0."  _____     Confirm Proof of Position Enclosed

**2.  ALL PURCHASES/ACQUISITIONS OF SRNG FROM MAY 11, 2021 THROUGH SEPTEMBER 16, 2021**– Separately list each and every purchase or acquisition of SRNG common stock from May 11, 2021 through September 16, 2021 (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3.  SALES OF SRNG FROM MAY 11, 2021 THROUGH SEPTEMBER 16, 2021**– Separately list each and every sale or disposition (including free deliveries) of SRNG common stock from May 11, 2021 through September 16, 2021 (Must be documented.)     **IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**4.  SRNG SHARES EXCHANGED FOR GINKGO SHARES IN SEPTEMBER, 2021 –** State the total number of SRNG shares you exchanged for Ginkgo shares in September 2021.  (Must be documented.)  If none, write "zero" or "0." _____

**5.  SRNG SHARES REDEEMED IN SEPTEMBER, 2021–** State the total number of shares of SRNG share you redeemed in September 2021.  (Must be documented.)  If none, write "zero" or "0."  _____

| TRANSACTIONS IN GINKGO COMMON STOCK ON OR AFTER SEPTEMBER 17, 2021 |
|---|

**6.  PURCHASES/ACQUISITIONS FROM SEPTEMBER 17, 2021 THROUGH NOVEMBER 15, 2021 –** Separately list each and every purchase or acquisition of Ginkgo common stock from September 17, 2021 through November 15, 2021.  (Must be documented.)

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

21

GINKGO

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**7. PURCHASES/ACQUISITIONS FROM NOVEMBER 16, 2021 THROUGH MAY 25, 2022** – State the total number of shares of Ginkgo common stock purchased or acquired from November 16, 2021 through May 25, 2022. If none, write "zero" or "0." _____

| **8. SALES FROM SEPTEMBER 17, 2021 THROUGH MAY 25, 2022**– Separately list each and every sale or disposition of Ginkgo common stock from September 17, 2021 through May 25, 2022. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**9. HOLDINGS AS OF MAY 25, 2022 –** State the total number of shares of Ginkgo common stock held as of the close of trading on May 25, 2022. If none, write "zero" or "0." _____

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

22

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 24 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

   1.   that I (we) have read and understand the contents of the Notice and this Proof of Claim, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

   2.   that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

   3.   that I (we) own(ed) the Ginkgo/SRNG common stock identified in the Proof of Claim and have not assigned the claim against any of the Defendants or any of the other Released Defendants' Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

   4.   that the claimant(s) has (have) not submitted any other claim covering the same purchases of Ginkgo/SRNG common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

   5.   that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

   6.   that I (we) agree to furnish such additional information with respect to this Proof of Claim as Class Counsel, the Settlement Administrator, or the Court may require;

   7.   that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

   8.   that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

   9.   that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

Questions? Visit www.GinkgoSecuritiesSettlement.com or call toll-free (866) 274-4004

23

GINKGO

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of claimant | Date |

Print claimant name here

| | |
|---|---|
| Signature of joint claimant, if any | Date |

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

| | |
|---|---|
| Signature of person signing on behalf of claimant | Date |

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 19 of this Proof of Claim.)

### REMINDER CHECKLIST

1. Sign the above release and certification.  If this Proof of Claim is being made on behalf of joint claimants, then both must sign.
2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Proof of Claim or any supporting documents.
4. Keep copies of the completed Proof of Claim and documentation for your own records.
5. The Settlement Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Settlement Administrator toll free at (866) 274-4004.**
1. 6.  If your address changes in the future, or if this Proof of Claim was sent to an old or incorrect address, you must send the Settlement Administrator written notification of your new address.  If you change your name, inform the Settlement Administrator.
2. 7.  If you have any questions or concerns regarding your claim, contact the Settlement Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you may visit www.GinkgoSecuritiesSettlement.com.  DO NOT call Ginkgo or its counsel with questions regarding your claim.

THIS PAGE WAS INTENTIONALLY LEFT BLANK

*Ginkgo Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

THIS PROOF OF CLAIM MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.GINKGOSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN NOVEMBER 21, 2024**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Ginkgo Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

 A Proof of Claim received by the Settlement Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **November 21, 2024**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

 You should be aware that it will take a significant amount of time to fully process all of the Proof of Claims.  Please be patient and notify the Settlement Administrator of any change of address.

**EXHIBIT B**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF SETTLEMENT CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

August 13, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO (1) PURCHASED OR OTHERWISE ACQUIRED SHARES IN GINKGO BIOWORKS HOLDINGS, INC. ("GINKGO," INCLUDING BY WAY OF EXCHANGE OF SOARING EAGLE ACQUISITION CORP., F/K/A SPINNING EAGLE ACQUISITION CORP. ("SRNG") SHARES) PURSUANT OR TRACEABLE TO THE PROXY/REGISTRATION STATEMENT (THE "PROXY/REGISTRATION STATEMENT") THAT DEFENDANTS FILLED WITH THE SEC ON FORM S-4 ON MAY 14, 2021, AND THAT WAS THEREAFTER AMENDED ON FORMS S-4/A ON JUNE 28, 2021, JULY 16, 2021, AUGUST 4, 2021, AND AUGUST 9, 2021 AND THE BODY OF WHICH WAS INCORPORATED INTO THE FINAL PROSPECTUS ON FORM 424(b)(3) FILED ON AUGUST 13, 2021; (2) WERE SOLICITED TO APPROVE THE GINKGO BIOWORKS, INC.–SRNG MERGER AND TO RETAIN RATHER THAN REDEEM SRNG SHARES PURSUANT TO THE PROXY/REGISTRATION STATEMENT; AND/OR (3) PURCHASED OR OTHERWISE ACQUIRED IN A PUBLIC OFFERING OR ON PUBLIC MARKETS SECURITIES OF GINKGO (INCLUDING ITS PREDECESSOR SRNG) BETWEEN MAY 11, 2021 AND OCTOBER 5, 2021, BOTH DATES INCLUSIVE.

THE TERM CLASS PERIOD APPLIES TO ALL THREE OF THESE CATEGORIES, AND SPANS FROM MAY 11, 2021 TO NOVEMBER 15, 2021, BOTH DATES INCLUSIVE. THE CLASS PERIOD INCLUDES THE PERIOD APPLICABLE TO SECTION 10(B) CLAIMS BETWEEN MAY 11, 2021 AND OCTOBER 5, 2021, BOTH DATES INCLUSIVE (THE "SECTION 10(B) CLASS PERIOD") AS WELL AS THE DATE ON WHICH SHARES WERE EXCHAGED IN THE MERGER AND THE TIME FOLLOWING THE MERGER THROUGH NOVEMBER 15, 2021 FOR WHICH CLASS COUNSEL HAS DETERMINED PURCHASES OR ACQUISTIONS OF SHARES WOULD BE TRACEABLE TO THE PROXY/REGISTRATION STATEMENT.

Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors of Ginkgo or SRNG; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Ginkgo, or was a Private Investment in Public Equities ("PIPE") investor in Ginkgo; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Ginkgo Bioworks Securities Litigation* | Cusip Number - Ginkgo Bioworks: 37611X100 |
| Case No. 4:21-cv-08943-KAW | Ticker Symbol - Ginkgo Bioworks: NYSE: DNA |
| Claim Filing Deadline: November 21, 2024 | Cusip Number - Soaring Eagle: G8354H126 |
| Exclusion Deadline: November 21, 2024 | Ticker Symbol - Soaring Eagle: NASDAQ: SRNG |
| Objection Deadline: November 21, 2024 | Cusip Number - Soaring Eagle Units: G8354H100 |
| Settlement Hearing: December 5, 2024 | Ticker Symbol - Soaring Eagle Units: SRNGU |

## PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the link to the Notice of Pendency of Class Action and Proposed Class Action Settlement and Proof of Claim and Release Form ("Notice and Proof of Claim") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have seven (7) calendar days to mail them; or
4. Request the link to the Notice and Proof of Claim and email the link to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.03 per link to the Notice and Proof of Claim emailed,** OR
- **$0.03 per name and address or email address** if you are providing us the records OR
- **$0.03 per name and address, including materials, plus postage at the rate used by the Settlement Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice and Proof of Claim and important documents are available on the website www.GinkgoSecuritiesSettlement.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.
Sincerely,
Settlement Administrator, Ginkgo Bioworks Securities Litigation

Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.,
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class
Action Settlement.**

**You may be entitled to a CASH payment.
This Notice may affect your legal rights.
Please read it carefully.**

*Bernstein v. Ginkgo Bioworks Holdings, Inc., et al*.,
Case No. 4:21-cv-08943

# EXHIBIT C

There has been a proposed Settlement of claims against Ginkgo Bioworks, Holdings, Inc., ("Ginkgo") and certain executives and directors of Ginkgo (collectively, "Defendants"). The Settlement would resolve a lawsuit in which Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about Ginkgo's customer base, the value of services performed, and its amount of related party-deals, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Ginkgo common stock in its initial public offering, or between May 11, 2021 and October 5, 2021, inclusive, including by way of its predecessor Soaring Eagle Acquisition Corp. ("SRNG").

Defendants have agreed to pay a Settlement Amount of $17,750,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, a reimbursement award to Lead Plaintiff, and taxes, is to be divided among all Class Members who submit a valid Proof of Claim, in exchange for the settlement of this case and the Releases by Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.GinkgoSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Ginkgo common stock. If every eligible Class Member submits a valid Claim Form, the average recovery will be $0.10 per eligible share before expenses and other Court-ordered deductions. Your award will be your *pro rata* share of the Net Settlement Fund as further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Proof of Claim**. The Proof of Claim can be found on the website **www.GinkgoSecuritiesSettlement.com**, or will be mailed to you upon request to the Settlement Administrator (866-274-4004). **Proof of Claim must be postmarked by November 21, 2024.** If you do not want to be legally bound by the Settlement, you must exclude yourself by November 21, 2024, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by November 21, 2024. The detailed Notice explains how to submit a Proof of Claim, exclude yourself or object.

The Court will hold a hearing in this case on December 5, 2024, to consider whether to approve the Settlement and a request by the lawyers representing the Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $325,000, for litigating the case and negotiating the Settlement, and to consider whether to approve reimbursement of Lead Plaintiff's costs and expenses related to their representation of the Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-274-4004) or visit the website **www.GinkgoSecuritiesSettlement.com** and read the detailed Notice.

**EXHIBIT D**

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Wednesday, September 4, 2024 9:01 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; mcraig@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



# Release Distribution Confirmation

**Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Ginkgo Bioworks Holdings, Inc. Common Stock - DNA**

*Cross time: 09/04/24 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Wednesday, September 18, 2024 9:01 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; mcraig@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



# Release Distribution Confirmation

**Pomerantz LLP Announces that this is a Reminder of a Proposed Class Action Settlement on Behalf of Purchasers of Ginkgo Bioworks Holdings, Inc. Common Stock - DNA**

*Cross time: **09/18/24 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us