# Exhibit B

DocuSign Envelope ID: EEE677EE-6478-4367-B570-2E38FE87F6B3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>Defendants. | Case No: 4:21-cv-08943-KAW<br><br>**DECLARATION OF SHARON BERNSTEIN IN SUPPORT OF MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Kandis A. Westmore |

DECLARATION OF SHARON BERNSTEIN
Case No. 4:21-cv-08943-KAW

I, Sharon Bernstein, hereby declare as follows:

1.  I am the Lead Plaintiff in the above-captioned action (the "Action").  I submit this declaration in support of Plaintiff's motion for preliminary approval of the proposed Settlement, including the request of a reimbursement award in the amount of $5,000 to me for my representation of the Class in this Action, which I understand will be ruled upon at the final approval stage.  I have personal knowledge of the matters set forth in this Declaration, and I could and would testify competently to these matters.

2.  I have been involved in this Action since before I moved to be appointed Lead Plaintiff on January 18, 2022.

3.  To fulfill my  responsibilities as a plaintiff in this Action, I have worked with Lead Counsel regarding all aspects of the litigation and resolution of this case.  I have been in regular contact with Lead Counsel and with counsel from the Schall Law Firm (Lead Counsel and counsel from Schall Law Firm, I refer to together as "Counsel"), to monitor and contribute to the successful prosecution of this Action, and I received regular status reports from Counsel on case developments.  I always made myself available to Counsel.  Below is a non-exhaustive list of tasks I have performed in representing the Class. I include the approximate number of hours I spent on each set of tasks below in parentheses:

    a.  reviewing the original complaint, the first amended complaint, the second amended complaint, and the third amended complaint, and providing feedback regarding the drafting of these documents, and investigating the allegations set forth therein, as well as investigating Ginkgo (25 hours);

    b.  interfacing with Counsel regarding case strategy, including regularly communicating with Counsel via phone and email, and also meeting in person (15 hours);

    c.  gathering my trading activity in Ginkgo stock, and providing it to Counsel (3 hours);

  d. reviewing Defendants' papers in support of their attempts to dismiss the complaints, reviewing Plaintiff's response in opposition, and reviewing Defendants' reply in further support (5 hours);

  e. Reviewing all Court orders in this case, including, but not limited to, the Court's order appointing me as Lead Plaintiff, the Court's order on the motion to dismiss, and the Court's orders regarding discovery disputes (5 hours);

  f. Searching for and gathering documents to fulfill my discovery obligations, producing these documents to Counsel, meeting with Counsel to discuss how we would respond to Defendants' discovery requests, including their first set of requests for the production of documents, and reviewing and discussing with counsel initial disclosures and document preservation (10 hours);

  g. meeting with Counsel to discuss strategy for moving for class certification, which Plaintiff had intended to file shortly after the mediation had the case not reached settlement, and meeting with Counsel to discuss the preparation and briefing of expert materials in support of class certification motion (10 hours);

  h. discussing the proposed settlement with Counsel and the mediation, including evaluating the Settlement amount, conferring with Counsel, and ultimately approving the Settlement; and (5 hours);

  i. meeting in person with my attorneys to discuss case strategy and document production (2 hours); and

  j. prepared for my anticipated deposition that was expected to be completed during class certification briefing (5 hours).

4. I have done my best to promote the interests of the Class and to obtain the best recovery possible under the circumstances. Based on my involvement throughout the prosecution and resolution of the claims asserted in the Action, I believe that the Settlement provides a fair, reasonable, and adequate recovery for the Class, particularly in light of the risks of continued litigation.

DECLARATION OF SHARON BERNSTEIN
Case No. 4:21-cv-08943-KAW

2

5.   While I understand that the ultimate determination of Lead Counsel's request for an award of attorneys' fees and litigation expenses rests with the Court, I believe that Lead Counsel's requested fee of 25% of the Settlement Amount, plus interest, and requested expense reimbursement is fair and reasonable in light of the work performed on behalf of the Class.

6.   I understand that reimbursement of a Plaintiff's reasonable costs and expenses is authorized under the PSLRA, including lost wages.  I estimate that I have spent at least 84 hours in performing all of the work I have in this Action for the direct benefit of the Class, as recounted in paragraph 5, above.  If I had otherwise devoted that time to compensable activities, I estimate the value of the time that I had dedicated to this Action to be well in excess of $5,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: 4/4/2024

DocuSigned by:

*Sharon Bernstein*
9896AAA584D74BF...
Sharon Bernstein

DECLARATION OF SHARON BERNSTEIN
Case No. 4:21-cv-08943-KAW

3