**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SHARON BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GINKGO BIOWORKS HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 4:21-cv-08943-KAW<br><br>**LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:    Hon. Kandis A. Westmore<br>Courtroom:  4<br>Date:     December 5, 2024<br>Time:     1:30 p.m. |

Pursuant to page 11 of the Court's Order granting Plaintiff's Motion for Preliminary Approval of Settlement ("Preliminary Approval Order", Dkt No. 117), entered by the Court on July 31, 2024, Lead Plaintiff Sharon Bernstein ("Lead Plaintiff") respectfully submits this reply on behalf of herself and the Settlement Class in further support of her Unopposed Motion for Final Approval of Class Action Settlement ("Motion") and her Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Award to Plaintiff, ("Fee and Expense Application"), which were filed on October 17, 2024.  Dkt. Nos. 127-129.[1] This reply is supported by the Supplemental Declaration of Margery Craig Concerning (A) Mailing Of The Postcard Notice; (B) Report On Requests For Exclusion And Objections; and (C) Claims Received To Date ("SCS Supp. Decl."), dated November 22, 2024, and attached as Exhibit 1.

In connection with the Motion and the Fee and Expense Application filed on October 17, 2024, Lead Plaintiff filed the Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publications of the  Summary Notice; and (C) Report on Requests for Exclusion and Objections.  Dkt. No. 129-1.  Ms. Craig, on behalf of the Settlement Administrator, Strategic Claims Services ("SCS"), attested to the fact that notice had been provided to the Class in the method and in compliance with the deadlines set forth in the preliminary approval order.  *Id*.  As of  November 22, 2024, SCS reports that it has mailed or emailed a total of 73,322 notice packets to potential Class Members or their nominees.  *See* SCS Supp. Decl. ¶4.  As of November 22, 2024 SCS reports that it has received 38,329 claims from potential Class Members.  SCS Supp. Decl. ¶10.  SCS is currently conducting quality assurance reviews of the submitted claims, such as verifying that the claim includes the supporting documentation and detecting any duplicative claims.  *Id.*[2]

As of the date of the Declaration of Margery Craig dated October 17, 2024, 47 mailings were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the stipulation of settlement, dated April 4, 2024, and filed with the Court on April 10, 2024.  Dkt. No. 117-1.

[2] Because SCS is currently conducting quality assurance reviews of the submitted claims, the number of claims considered valid has yet to be finally determined.  *Id*.  Class Plaintiffs will revisit this issue when they move the Court for disbursement of the Net Settlement Fund.

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT
Case No. 4:21-cv-08943-KAW                         1

for ten potential claimants, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 37 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 17 were re-mailed to updated addresses. Dkt. No. 129-1 at 4. Since then, SCS reports that an additional 373 Postcard Notices were returned undeliverable. Of these, the United States Postal Service provided a forwarding address for 61 potential claimants, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 312 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 107 were re-mailed to updated addresses. SCS Supp. Decl. ¶5.

The Court-ordered deadline for Class Members both: (1) to object to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or to the Fee and Expense Application; or (2) to submit a Request for Exclusion from the Class, was November 21, 2024. *See* Preliminary Approval Order at 11.

As explained below, there have been no objections received and only one request for exclusion, an outcome that clearly favors granting final approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application.

**A.     The Absence of Any Objections Strongly Supports Granting Approval**

After completing a robust notice program that included mailing or emailing 73,322 notice packets to identifiable Class Members, publishing summary notice twice over *Globe Newswire*, mailing or emailing 2,305 letters to nominee account holders and institutional groups, and maintaining all documents relevant to the Settlement on the Settlement website, ***not a single Class Member raised any objection*** to any aspect of the Settlement, the Plan of Allocation, or to the Fee and Expense Application.

Courts have "repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Koeppen v. Carvana, LLC*, No. 21-CV-01951-TSH, 2024 WL 3925703, at *8 (N.D. Cal. Aug. 22, 2024) (internal quotations omitted); *see also Ozga v. U.S. Remodelers, Inc.*, No. C 09-05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (in granting final approval of a settlement class, the court considered that the "overall reaction to the

Settlement has been positive," there were no objections to the Settlement and "[n]o Class Member appeared at the final approval hearing to object"); *Kuraica v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2021 WL 5826228, at *5 (N.D. Cal. Dec. 8, 2021) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it."). Even in cases where, unlike here, there were class member objections, approval has been granted based on those objections being a low percentage of the total class. *See Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (approving settlement with 45 objections and 500 opt outs from a 90,000-person class, representing .05% and .56% of the class, respectively.). Accordingly, the complete absence of objections weighs strongly in favor of granting final approval of the Settlement, the Plan of Allocation and the Fee and Expense Application.

### B. The Near Total Absence of Exclusions Supports Final Approval

To date, only one request to be excluded from the Settlement has been received. *See* Supp. Mailing Decl. ¶8 and Supp. Mailing Decl. Ex. A. That investor represented only 1,000 shares and did not raise any objection to the substance of the Settlement, Plan of Allocation, or Fee and Expense Request. That nearly all eligible investors remain in the Settlement Class strongly supports final approval. *See In re Stable Rd. Acquisition Corp.*, No. 2:21-CV-5744-JFW(SHKX), 2024 WL 3643393, at *10 (C.D. Cal. Apr. 23, 2024) (only four exclusions received "demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval"); *Kaufman v. Am. Express Travel Related Servs., Co.*, No. 07-CV-1707, 2016 WL 806546, at *8 (N.D. Ill. Mar. 2, 2016), *aff'd sub nom. Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276 (7th Cir. 2017) (an opt out rate of .1% or 100 exclusions, was low and supported the settlement); *Churchill Vill. LLC.*, 361 F.3d at 577 (opt out rate of .56% supported settlement). Here, the opt out rate was essentially zero, and the sole investor seeking exclusion claimed to own only a tiny amount equating to ***less than 0.01% of allegedly damaged shares***. The overwhelmingly positive response of the Class confirms that the Settlement should be approved.

## CONCLUSION

For all the reasons stated herein, and in the memorandum of law in support of Lead Plaintiff's Unopposed Motion and Fee Application, (Dkt. Nos. 127-129), Lead Plaintiff respectfully requests that the Court to enter the Proposed Order and Final Judgment, attached hereto as Exhibit 2.


Dated: November 25, 2024                        Respectfully submitted,

                                                POMERANTZ LLP

                                        By:     */s/ Brian P. O'Connell*
                                                Joshua B. Silverman (*pro hac vice*)
                                                Brian O'Connell (SBN 314318)
                                                Genc Arifi (*pro hac vice*)
                                                10 S. LaSalle St., Suite 3505
                                                Chicago, Illinois 60603
                                                Telephone: (312) 377-1181
                                                jbsilverman@pomlaw.com
                                                boconnell@pomlaw.com
                                                garifi@pomlaw.com

                                                Jennifer Pafiti (SBN 282790)
                                                1100 Glendon Avenue, 15th Floor
                                                Los Angeles, CA 90024
                                                Telephone: (310) 405-7190
                                                jpafiti@pomlaw.com

                                                *Lead Counsel for Lead Plaintiff and the*
                                                *Proposed Classes*

                                                **THE SCHALL LAW FIRM**
                                                Brian Schall (SBN 290685)
                                                Rina Restaino (SBN 285415)
                                                2049 Century Park East, Suite 2460
                                                Los Angeles, CA 90067
                                                Telephone: (310) 301-3335
                                                brian@schallfirm.com
                                                rina@schallfirm.com

                                                *Additional Counsel for Lead Plaintiff*
                                                *and the Proposed Classes*

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT
Case No. 4:21-cv-08943-KAW                       4

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

Dated: November 25, 2024

POMERANTZ LLP

By: */s/ Brian P. O'Connell*
      Brian P. O'Connell

*Lead Counsel for Lead Plaintiff and the Proposed Classes*